THIGPEN, Judge.
After an ore tenus proceeding, the trial court entered a final judgment of divorce, granting the wife custody of the parties’ minor child, dividing the parties’ property, awarding the wife alimony in gross, and ordering the husband to pay child support. The husband appeals, contending that in light of the source of the property, the length of the marriage, the age and health of the parties, and the parties’ future prospects, the trial court erred: (1) in awarding the wife $20,000 alimony in gross, to be paid monthly over seventy-two months or in one lump sum (2) in its determination of the division of property and (3) in that the court considered the husband’s retirement benefits in making its determination. Further, the husband contends that the trial court erred in its calculation of child support in that it included in its calculation of his income a mortgage payment which the husband asserts is to expire in forty-two months.
The record reflects that the parties were married for nearly seven years. There was one child born of this marriage who was about four years old at the time of this divorce. The wife has a high school education and works as a dental assistant making approximately $800 per month. The husband attended college and works as an insurance salesman; he earns approximately $2900 per month. There were no allegations of abuse, though the wife testified that the husband was dominating and treated her as if she could not do anything right.
The trial court awarded the wife $20,000 alimony in gross; $9500 for her share of the equity in the parties’ residence; an automobile; one-half interest in the parties’ zero coupon bonds; one-half of the parties’ household goods; and $250 in attorney *576 fees. The husband was awarded the parties’ residence; all other real property he owned prior to the marriage; one automobile; one truck; one-half interest in the parties’ zero coupon bonds; and one-half of the parties’ household goods.
At the outset, we note that when a trial court’s judgment follows the presentation of evidence ore tenus, a presumption of correctness automatically attaches. The judgment will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). The issue concerning a division of property falls soundly within the discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Additionally, the issues of alimony and property division are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Further, the property division pursuant to divorce is not required to be equal, but must be equitable. Montgomery, supra.
It is clear that the husband’s earning capacity far exceeds the wife’s and that this is unlikely to change in the future. Furthermore, the court allowed the husband to pay the $20,000 alimony in gross over a period of 72 months, thereby easing the financial burden on him. We are not persuaded that the trial court considered the husband’s retirement benefits when it awarded the alimony in gross; therefore, it is not necessary for us to address that aspect of the husband’s argument. In any event, we have reviewed the record and cannot say that the trial court abused its discretion.
Finally, the husband contends that the trial court incorrectly calculated the amount of child support he was to pay because the court included, as part of the husband’s gross income, a mortgage payment he currently receives, and which is to expire in forty-two months. We do not agree. The trial court based its order on the husband’s current income. If the husband’s income decreases, a petition for modification may be proper. At this point, any consideration of future decreased income is mere speculation.
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.