This is a divorce case.
This case involves a divorce action brought on behalf of Ophir Lee Goodwin (husband) by Shirley Ponder, his daughter and conservator. The husband died while this appeal was pending, and this court granted a motion to substitute the estate as the party appellee.
After an ore tenus hearing, the trial court granted the divorce to the husband by and through his conservator, Shirley Ponder (daughter), on the grounds of incompatibility. In its order, the trial court awarded the two parcels of land that were part of the Goodwin family farm to the husband and ordered the wife to execute a quitclaim deed to the husband. The wife was ordered to return to the husband any of his personal property in her possession. The wife was awarded the house trailer owned by the parties.
The wife appeals. We affirm. *Page 501 
The dispositive issue is whether the trial court erred when it awarded the two parcels of land that were part of the Goodwin family farm to the husband and ordered the wife to execute a quitclaim deed to the husband.
When, as in this case, the trial court hears the testimony and enters a judgment, a presumption of correctness attaches. This judgment will be affirmed on appeal if there is competent evidence to support the judgment and if the judgment is not palpably wrong. Murphree v. Murphree, 582 So.2d 574
(Ala.Civ.App. 1991).
When we view the record with the attendant presumptions accorded the trial judge in an ore tenus proceeding, the following is revealed: The parties were married on December 31, 1985. At the time of their marriage, the husband was 78 years old. (His date of birth was listed in the record as August 11, 1907.)
At the time of the marriage, the husband owned some property that had been in his family for over 100 years. When the husband was approximately 20 years old, he purchased this property from his father. The house located on this property was the home where the husband lived with his first wife and where his three children were born and grew to adulthood. Following the marriage to his current wife, the husband sold some acreage, but he retained the home and some of the acreage. During the course of this marriage, the husband executed deeds to the husband and wife as joint owners of the property with right of survivorship.
The record reveals that in July 1990, the husband executed a deed to the wife as sole owner of some of the property. The record also reveals that this particular deed was executed four days after the husband was involved in an automobile accident and that the wife asked the husband to put the property in her name to save the property in case they were sued.
In November 1991, the husband went to live with his daughter after she found him alone in the home without heat and electricity. The following month the daughter filed a petition for letters of conservatorship. The report of the court representative recommended that the petition be granted because the husband admitted that he was unable to manage his affairs. Thereafter, the daughter's petition was granted.
The husband told the court representative who interviewed him after the daughter filed the petition for letters of conservatorship that he wished to obtain a divorce from the wife and get his home and land back. After the daughter obtained the letters of conservatorship, she complied with the husband's wishes and filed the divorce action which is the subject of this appeal.
It is well settled that the division of property is within the sound discretion of the trial court and that its determination will not be disturbed on appeal unless there is a plain and palpable abuse of discretion. Bunbury v. Bunbury,579 So.2d 1364 (Ala.Civ.App. 1991). The property division in a divorce decree does not have to be equal, only equitable.Murphree, 582 So.2d 574.
Under the facts of this particular case (the husband was 78 years old at the time of the marriage, and during the course of the marriage, which lasted approximately six years, he executed deeds to the wife giving her joint ownership with the right of survivorship in the Goodwin family farm, which he had personally owned for over 50 years and which had been in his family for over 100 years, because he thought that the wife would care for him for the rest of his life), we cannot conclude that the trial court was wrong in awarding to the husband the property known as the Goodwin family farm.
Additionally, we note that the trial court has the power to use any reasonable means to effect a just property settlement and to adjust the equities between the parties, including ordering the wife to execute a quitclaim deed to the subject property. Simmons v. Simmons, 422 So.2d 799 (Ala.Civ.App. 1982).
In light of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions *Page 502 
of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.