L. CHARLES WRIGHT, Retired Appellate Judge.
This is the second time this cause has been before this court. J.H.B. (husband) and S.E.B. (wife) were divorced by judgment of the Circuit Court of Bibb County. This court annulled and reversed the judgment and remanded the cause for the circuit court to join as a party defendant, C.R.L., the alleged biological father of J.R., the minor child of the husband and wife; to order blood tests of C.R.L. and the husband; to appoint a *16 guardian ad litem to represent the minor child, J.R.; and to hold further proceedings. S.E.B. v. J.H.B. 605 So.2d 1230 (Ala.Civ.App.1992).
After remand, and in compliance with this court’s opinion, a final judgment of divorce was entered by the court on May 13, 1993. The court determined that two of the five children born during the marriage were emancipated. The court awarded the husband custody of a son, subject to the wife’s visitation, and awarded the wife custody of the youngest two children, J.R. and K.L., subject to the husband’s visitation. The court adjudged that C.R.L. was the biological father of J.R. and K.L. Additionally, the court effected a division of marital property and addressed the issue of child support.
On June 8, 1993, the husband filed a post-judgment motion. He argued that the wife failed to meet the prerequisite burden of proof to determine the paternity of J.R., that the Alabama Uniform Parentage Act, §§ 26-17-1 through -21, Ala.Code 1975 (AUPA), and interpreting cases preclude the parentage of one other than the husband, and that the removal of J.R. from his custody was not in the best interests of the child. On August 3, 1993, the court denied the husband’s post-judgment motion.
On August 4, 1993, the husband filed a notice of appeal to the Circuit Court of Bibb County, pursuant to § 26-17-20, Ala.Code 1975, requesting a de novo jury trial. The notice pertained to the final judgment entered on May 13,1993, and the order denying his post-judgment motion entered on August 3, 1993. On September 13, 1993, the court dismissed that appeal.
On September 30, 1993, the husband filed a post-judgment motion to vacate the dismissal order. On December 1,1993, prior to a ruling on that motion, the husband filed a notice of appeal to this court of the dismissal order of September 13.
On appeal the husband contends that the court erred in dismissing his appeal and the related request for a de novo jury trial.
Section 26-17-6(c) of the AUPA provides that, where there is a presumed father of a child, a man alleging himself to be the biological father of that child does not have standing to initiate an action pursuant to the AUPA. However, § 26-17-9(a) of the AUPA provides that an action for paternity may be joined with an action for divorce. The wife originally presented the issue of paternity in her divorce complaint by alleging that C.R.L., rather than the husband, was the biological father of J.R. C.R.L. was joined as a party to the divorce proceedings pursuant to Rule 19(a) and Rule 20, A.R.Civ.P. S.E.B. v. J.H.B.
We have previously stated that a divorce proceeding which designates a child to be “of the parties” is a paternity determination that precludes dispute of paternity at a later date. Stringer v. Sheffield, 451 So.2d 320 (Ala.Civ.App.1984). An illegitimate child may be “a child born in wedlock but sired by a man who was not the mother’s husband.” Leonard v. Leonard, 360 So.2d 710, 712 (Ala.1978); see also State v. Palmer, 439 So.2d 174 (Ala.Civ.App.1983). For a trial court to properly decide a child’s best interests, a determination of paternity may be necessary. Firikenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985).
When the court in this case adjudged that C.R.L. was the biological father of J.R. and excluded the husband as the biological father, it did so pursuant to the issues presented in the divorce action. The husband’s post-judgment motion, filed against that judgment as required by Rule 59, A.R.Civ.P., mingled issues relating to the divorce judgment and to the paternity determination. The motion did not challenge the power of the court to determine the paternity of J.R. The denial of the motion is noted on the case action summary sheet, without further explanation. The husband never appealed that judgment to this court. Instead, he filed an appeal to the Circuit Court of Bibb County, as if the judgment had been rendered by a juvenile or family court under § 26-17-20.
That was not the posture of the case from which this appeal was attempted to be brought. It was not a paternity action brought under the AUPA. It was a divorce case brought in the circuit court, a court of general jurisdiction, with equity power.
*17 Our supreme court has determined that a matter of paternity does not have to be determined exclusively under the AUPA, that such an action is an equitable action, and that the right to a jury trial in such an action is a creation of the legislature applicable to cases brought under that act. Ex parte L.F.B., 599 So.2d 1179 (Ala.1992). The supreme court in Ex parte Martin, 565 So.2d 1 (Ala.1989), prescribed the manner in which the issue of paternity may be presented in a divorce case and the determination made final against all parties. That prescription was followed in this case. Therefore, the judgment of the circuit court, entered on May 13, 1993, with the Rule 59 motion addressed to it and denied on August 3, 1993, became final 42 days thereafter when no appeal was taken to this court. The attempt to appeal to the circuit court from the divorce case was properly dismissed. That dismissal is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., and YATES, J., concur in result only.