Michelle S. Floyd ("the wife") appeals from a divorce judgment in which the trial court expressly declined to make a determination concerning the paternity of her child. We reverse and remand.
The wife initiated this action by filing a complaint for divorce in the Jefferson County Circuit Court against James Robert Floyd ("the husband"). One of the allegations of her complaint was "[t]hat there was one child born to [her] and the [husband]; namely a son, Justin Tyler Floyd, age 6 months" ("the child"). In his answer, the husband specifically denied that he was the biological father of the child; moreover, he counterclaimed for divorce and requested the trial court to make a determination of paternity of the child. The husband also moved that the child be added as a party to the action, that a guardian ad litem be appointed, and that the parties be directed to undergo DNA testing to determine the paternity of the child. The trial court added the child as a party, appointed a guardian ad litem to represent him, and directed the wife, the husband, and the child to undergo "blood tests for paternity purposes." The trial court further ordered the wife and the husband to pay $500 to the clerk of the trial court to defray anticipated costs.
After the parties submitted blood samples, a DNA diagnostic laboratory tested the samples and submitted a report to the trial court which excluded the husband as the child's biological father. After this report was filed, the husband moved to dismiss from the divorce action "all issues that relate to the paternity of, custody of, and/or child support" for the child. The guardian ad litem and the wife filed objections to the motion to dismiss and requested a trial on the merits on all issues raised by the pleadings. The wife's objection, which was supported by her affidavit and exhibits thereto, claimed that there was other evidence and information needing to be dealt with by testimony. Among other things, she affirmed in her affidavit that although the child was not born during her marriage to the husband, he had insisted at the time that he be listed on the child's birth certificate as the child's father, and she affirmed that he had signed an affidavit of paternity for filing with the Alabama Center for Health Statistics.
Although the husband filed no response to the wife and the guardian ad litem's objections, he moved to join as a party Garry Wayne Moncrief, who had been the wife's previous husband. The trial court denied this motion. On March 7, 1996, the trial court amended its order on its own motion so as to relieve the guardian ad litem and to direct the clerk of the trial court to pay over all funds held for the guardian ad litem's compensation. *Page 1153 
At the trial of this divorce action on May 16, 1996, counsel for the husband objected to the introduction of evidence concerning the child's paternity. The trial court sustained this objection and stated that "[t]he issue of paternity of [the] child will be reserved for a court of competent jurisdiction, in the Family Court of Jefferson County under the Uniform Parentage Act." The trial court thereafter entered a judgment divorcing the parties that contained the following pertinent provision:
 "[T]he issue of paternity of the [child], as well as the issues of custody, child support, and visitation, are hereby reserved for future determination by a court of competent jurisdiction, pursuant to the Alabama Uniform Parentage Act."
The wife filed a motion to alter, amend, or vacate this judgment, asserting that the trial court had entertained a motion to adjudicate the paternity of the child, had ordered blood tests and appointed a guardian ad litem, and upon receipt of the test results had refused to consider the issue further. The husband also moved to alter, amend, or vacate the judgment, but on other grounds. The trial court denied both post-judgment motions, and the wife appeals; the husband has not appealed any aspect of the judgment.
A passage from the wife's brief on appeal aptly summarizes her contentions: "the [trial court] had no right to refuse to go forward on the determination of the paternity issue and was in error to refuse to do so." In response, the husband argues that the trial court was a domestic relations court that had no jurisdiction to adjudicate paternity issues under the Alabama Uniform Parentage Act ("AUPA"). Accordingly, we first consider the trial court's jurisdiction to determine the paternity issues raised by the pleadings in this case.
We reject the husband's contention that the trial court was without power to adjudicate the child's paternity as between the husband and the wife as an incident to its consideration of the parties' divorce. As we stated in M.M. v. C.M.,600 So.2d 316 (Ala.Civ.App. 1992), "[t]he issue of paternity may . . . be properly raised in a divorce action, because a divorce decree which designates a child to be 'of the parties' is itself a paternity determination," and "[i]n a custody or divorce action, the issue of parentage is central to the disposition of the case." 600 So.2d at 317; see also Black v.Black, 625 So.2d 450, 452-53 (Ala.Civ.App. 1993) (affirming determination of paternity and custody award in divorce litigation and applying presumption of paternity arising from acknowledgement by husband of paternity). This jurisdiction to adjudicate paternity arises from the general equitable jurisdiction of the domestic relations court. J.H.B. v. S.E.B.,668 So.2d 15, 17 (Ala.Civ.App. 1994), cert. quashed,668 So.2d 17 (Ala. 1995). Moreover, "a matter of paternity does not have to be determined exclusively under the AUPA." Id.
Therefore, we conclude that the trial court was in fact a "court of competent jurisdiction" to determine the issue of the child's paternity. Furthermore, because the trial court possessed equitable jurisdiction to decide the issue of paternity, it had a prima facie duty to do so; it is the general rule that a court of equity, vested with jurisdiction in a particular case, will proceed to resolve all issues placed before it and to "resolve all equities between the parties." Creel v. Creel, 342 So.2d 793, 794
(Ala.Civ.App. 1977); cf. Ex parte Handley, 460 So.2d 167, 169 (Ala. 1984) ("Equity delights to do justice, and not by halves.").
While the trial court did not provide any specific statutory authority for its refusal to resolve the paternity issue, its reference to the AUPA indicates that it believed that its juvenile or family court division should decide the paternity of the child, as the AUPA confers jurisdiction to determine paternity upon the "juvenile or family court division of the district or circuit court." Ala. Code 1975, § 26-17-10(a). However, the AUPA does not contain any provisions abrogating the trial court's equitable jurisdiction to determine paternity as an incident to divorce proceedings, nor does it confer upon the trial court any authority[1] to deflect jurisdiction *Page 1154 
of paternity issues to its juvenile or family court division when they are raised in a divorce action.
We therefore reverse that portion of the trial court's judgment that purports to "reserve for future determination" the issues of paternity, custody, child support, and visitation. We remand this cause to the trial court for further proceedings, to include the reappointment of a guardian ad litem for the child and the determination of paternity and any derivative issues such as custody, child support, and visitation. See State ex rel. Tenner v. Tenner,668 So.2d 838 (Ala.Civ.App. 1995). The resolution of the custody and child support issues is necessary in almost every divorce action in order to resolve other issues, i.e., the use of the marital residence and other property divisions.
In addition to the jurisdictional issue regarding paternity, the wife raises several issues concerning the propriety of the fees awarded to the guardian ad litem for the child and the asserted practice of the trial courts of Jefferson County to assign particular matters exclusively to three particular judges. However, the wife has cited no legal authority that supports her argument on these issues. SeeSpradlin v. Birmingham Airport Auth., 613 So.2d 347, 348
(Ala. 1993) (affirming judgment as to issues argued without authority; quoting Sea Calm Shipping Co., S.A. v. Cooks,565 So.2d 212, 216 (Ala. 1990)). Moreover, the wife has directed us to no portion of the record wherein she presented evidence of any assignment of civil actions in Jefferson County in violation of Ex parte Boykin, 611 So.2d 322 (Ala. 1992), nor did she bring this alleged error to the attention of the trial court. "This court cannot consider arguments raised for the first time on appeal; rather our review is restricted to the evidence and arguments considered by the trial court." Andrewsv. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992) (citation omitted). We therefore affirm those aspects of the trial court's judgment.
Based upon the foregoing facts and authorities, the trial court's judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings. The husband's request for damages and attorney fees pursuant to Rule 38, Ala.R.App.P., is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] Any such authority would abridge the trial court's duty to resolve all the equities between the parties and would be in derogation of the common law. Statutes in derogation of the common law must be strictly construed. Holland v. City ofAlabaster, 624 So.2d 1376 (Ala. 1993).
 *Page 340