ROBERTSON, Presiding Judge.
This is a divorce case. At the time the parties were married in October 1981, the wife, J.N.H., was pregnant with N.T.H. Ill, the child of another man. The child’s birth certificate listed N.T.H. II, the husband, as the child’s father. Because of the husband’s career in the United States Navy, the parties had several different residences during their marriage. However, the husband had resided in Alabama before joining the Navy, and he retained Alabama as his legal domicile. See Nora v. Nora, 494 So.2d 16 (Ala.1986).
The parties separated in August 1993, and the .wife sued for divorce in Hawaii, their state of residence at that time. Her complaint alleged that the child was not the biological child of her husband; she attached to her complaint an affidavit by M.A.K. stating that M.A.K. was the father. M.A.K. is married to the wife’s mother. The parties left Hawaii before the Hawaii court ruled on the divorce; there is no further record of any proceeding in Hawaii. The wife moved to Virginia to live with her mother, M.A.K., and the child.
In February 1995, the husband filed a complaint in the Madison County Circuit Court seeking a divorce from the wife and a division of the marital property. Attached to his complaint were the wife’s Hawaii divorce complaint and the affidavit by M.A.K. The wife answered and requested that the court find that the husband was the child’s father and that it order the husband to pay child support and spousal support. During the litigation, the wife also submitted the judgment of the Juvenile Court of Virginia Beach, Virginia, ordering that the wife and M.A.K. have custody of the child and vesting primary physical custody in M.A.K.
On June 14, 1996, the Alabama trial court held a pendente lite hearing on the issues of spousal and child support. The trial eourt commented at the hearing that “it will be essential for me to have everything that exists in the Virginia Beach, Virginia, file.” However, no further documents from Virginia were filed with the trial court. There was very little testimony concerning the parties’ marital assets, and the wife made no attempt to introduce evidence concerning the husband’s retirement benefits or any other marital assets after the pendente lite hearing. Pursuant to an order of the court on February 26, 1996, a blood test based on DNA typing technology was performed on the parties and the child. The results of the blood test were filed with the court on April 10, 1996, and admitted into evidence by the trial court at the pendente lite hearing. The blood test excluded the husband as the father of the child.
On June 18, 1996, the trial eourt issued a pendente lite order awarding the wife $1,000 per month as pendente lite support. The pendente lite order specifically reserved the issue of the paternity and support of the child until a final hearing. On November 13, 1996, the parties agreed that the trial eourt could make a final ruling based only upon the evidence presented at the pendente lite hearing.
In the divorce judgment issued on December 3, 1996, the trial eourt divorced the parties, divided the marital property, and found that the husband was not the biological father of the child. On appeal, the wife argues that the trial eourt abused its discretion in dividing the marital property and erred in finding that the husband was not the biological father of the child.
The wife’s argument as to the division of the marital estate is simply that the *451 division is not equitable, review is well settled. Our standard of
“In reviewing a judgment in a divorce case in which the trial court was presented conflicting evidence ore tenus, we are governed by the ore tenus rule. Under this rule, the trial court’s judgment will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). Matters of property division'rest soundly within the trial court’s discretion and its determination regarding those matters will not be disturbed on appeal unless its discretion was plainly and palpably abused. Goodwin v. Estate of Goodwin, 632 So.2d 500 (Ala.Civ.App.1993). A division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Pride v. Pride, 631 So.2d 247 (Ala.Civ.App.1993). When dividing marital property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage. Hartzell, supra.”
Golden v. Golden, 681 So.2d 605, 608 (Ala.Civ.App.1996).
Included in the wife’s challenge to the trial court’s division of property is her argument that the trial court erred in failing to award her a share of the husband’s military retirement benefits. Military retirement benefits are subject to the same rule of equitable division within the trial court’s discretion as is other marital property. So long as the trial court’s division of property is equitable, it is not required to divide military retirement benefits. Everett v. Everett, 660 So.2d 599 (Ala.Civ.App.1995); Ex parte Vaughn, 634 So.2d 533 (Ala.1993).
In this case, the divorce judgment awarded the wife the parties’ real estate in Colorado, all the personal property in her possession, and $500 monthly alimony for 24 months. The record in this ease contains only the testimony presented in the pendente lite hearing, and that evidence does not substantially support the wife’s arguments as to the husband’s assets or the valuation of the marital property. Moreover, the wife presented no evidence concerning the nature and extent of the husband’s military retirement benefits.
The wife has the burden as the appellant in this court of presenting sufficient evidence in the record before this court to show an abuse of discretion by the trial court in dividing the marital estate. Newman v. State, 623 So.2d 1171 (Ala.Civ.App.1993); In re Coleman, 469 So.2d 638 (Ala.Civ.App.1985). After a careful examination of the record, we conclude that the wife failed to carry this burden. The trial court’s judgment dividing the marital property is due to be affirmed.
The wife also argues that the trial court erred in finding that the husband was not the father of the child. She first asserts that the husband is presumed to be the child’s father under the Alabama Uniform Parentage Act (“AUPA”), Ala.Code 1975, § 26-17-1 et seq. Section 26-17-5, Ala.Code 1975, provides, in pertinent part:
“(a) A man is presumed to be the natural father of a child if any of the following apply:
“(1) He and the child’s natural mother are ... married to each other and the child is born during the marriage....
Given the presumption that the husband is the child’s father under § 26—17—5(a)(1), the wife argues that the- five-year limitations period in § 26-17-6 of the AUPA bars the husband’s denial of paternity in this case. Section 26-17-6 provides, in pertinent part:
“(a) A child, a child’s natural mother, or a man presumed to be the child’s father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of the child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a); or
*452 “(b) Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) or (6) of Section 26-17-5(a).” (Emphasis added.)
In applying the above statutes to the- instant case, we are first bound to give effect to the plain meaning of the statutory language. Macon v. Huntsville Utilities, 613 So.2d 318 (Ala.1992); BPH, Inc. v. Cochrane, 628 So.2d 911 (Ala.Civ.App.1993). Further, we are bound to consider these statutory provisions in pari materia because they are part of a unified statutory plan, the AUPA. Locke v. Wheat, 350 So.2d 451 (Ala.1977). Moreover, our duty is to construe the provisions within a statutory plan in harmony with each other. Ex parte Coffee County Comm’n, 583 So.2d 985 (Ala.1991).
The emphasized language in § 26-17-6 is of particular note. Subsection (a) of § 26-17-6 specifically sets a five-year period applicable to declaring the existence of a father and child relationship. The use of the language “existence or non-existence ” in subsection (b) of § 26-17-6 makes clear that the Legislature was drawing a distinction between an action to show the presence of a father and child relationship and an action to show the absence of such a relationship.
Considering our duty to consider the language of these provisions in pari materia and to give effect to the plain meaning of the language in these statutes, we conclude that the five-year limitations period does not apply to the husband in this case. In this case, the husband sought to prove the non-existence of the father and child relationship. Although the husband is the presumed father of the child under § 26-17-5(a)(1), he is not subject to the five-year limitation period under § 26-17-6(a) because he is not seeking to prove the existence of the father and child relationship.
Our law is settled that trial courts have jurisdiction in divorce cases to address the issue of paternity. Floyd v. Floyd, 701 So.2d 1151 (Ala.Civ.App.1997). See also M.M. v. C.M., 600 So.2d 316 (Ala.Civ.App.1992). Moreover, when the issue of paternity or parentage is properly raised in the trial court, as it was in this case, the trial court has a duty to address the issue. Floyd, supra, and Creel v. Creel, 342 So.2d 793 (Ala.Civ.App.1977).
We recognize that the presumption in favor of paternity is strong and may only be rebutted by. clear and convincing evidence. Ala.Code 1975, § 26-17-5(b); D.D. v. C.L.D., 600 So.2d 265 (Ala.Civ.App.1991). However, the scientific evidence in this case, the blood test based on DNA typing, completely excludes the husband as the child’s biological parent. That evidence is sufficient to support the trial court’s judgment.
The wife also argues that the trial court erred in determining paternity because, she says, the husband is the child’s father by an equitable adoption or by adoption by estoppel. However, in this case, the trial court had evidence from which it could have concluded that the husband never recognized the child as his and specifically declined any intent to adopt. Equitable adoption is rarely recognized in Alabama and generally requires a finding of an intent to adopt. C.H.H. v. R.H., 696 So.2d 1076 (Ala.Civ.App.1996); Hebert v. Stephenson, 574 So.2d 835 (Ala.Civ.App.1990). After a careful review of the record, we conclude that the trial court did not commit plain and palpable error in refusing to hold that the husband equitably adopted the child or adopted the child by estoppel.
The trial court’s judgment is due to be affirmed.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.