723 So.2d 1271 (1998)
S.W.M.
v.
D.W.M.
2970677.
Court of Civil Appeals of Alabama.
October 23, 1998.
Hoyt L. Baugh, Jr., and Steven L. Whitmire II, Rainsville, for appellant.
James D. Walker, Albertville, for appellee.
ROBERTSON, Presiding Judge.
S.W.M. ("the mother") appeals from a judgment denying her request to reopen a divorce judgment declaring D.M. to be a child "born of [the mother's] marriage" to D.W.M. (the "former husband"). We affirm.
The mother and the former husband were divorced by the trial court on July 1, 1996; the trial court's judgment incorporated the parties' settlement agreement, which provided, in pertinent part, that J.M. and D.M. were children "born of this marriage." Primary custody of J.M. was awarded to the former husband, while primary custody of D.M. was granted to the mother, and each party was awarded "liberal access" to the child in the other's primary custody.
In August 1997, the former husband petitioned the trial court to hold the mother in contempt for failing to allow him visitation with D.M., and requested that primary or exclusive custody of D.M. be transferred to him. The mother filed a counterclaim, alleging, among other things, that she should be awarded sole custody of J.M. and D.M.; however, she also asserted for the first time that R.H., rather than the former husband, was the father of D.M., and requested that the trial court direct blood testing and declare the former husband not to be D.M.'s father. Attached to her counterclaim was a "DNA Parentage Test Report" indicating that the probability of R.H.'s parentage of D.M. was 99.998 per cent.
The trial court held a hearing solely on whether the issue of D.M.'s paternity should *1272 be re-opened. On February 17, 1998, the trial court entered a judgment denying this aspect of the mother's counterclaim, concluding, in pertinent part, as follows:
"... The issue is: May a mother re-open the issue of paternity using Section 26-17A-1(a)[, Ala.Code 1975]? The [mother] asserts that she may do so. That section is specific however. It does not say that anyone may reopen the case. It provides that `upon petition of the defendant ... where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence ...' That section was enacted for an obvious purpose. Where an alleged father, having no reason to suspect that a child born of his wife or girlfriend was not his, admitted or was found to be the father and then later he became aware that he was not, the cases, prior to the section, prohibited him from reopening the proceeding on the ground of res judicata. Men were being required to support, without fault on their part, children who were clearly fathered by another. The mother, on the other hand, would obviously at least have reason to suspect that her husband or `steady' boyfriend just might not be the biological father. Before an initial adjudication of paternity, she could seek testing to clearly establish the truth. The statute does not purport to allow her to keep her silence until it suits her ends to claim another is the father. To give her that right, which appears obviously not to be within the wording or intent of the legislative act, would allow her to keep her silence for years, accepting support and other benefits accruing to her because of the ignorance of the person adjudged to be the father, and then, when because of some change in circumstances it suited her purposes, to spring her surprise announcement that he was not, in fact, the father.
"This court HOLDS, FINDS and ORDERS that a mother may not reopen the issue of paternity once paternity is finally established by a court of competent jurisdiction. The relief requested by the [mother] adjudging the [former husband] not to be the father of [D.M.] and other relief springing therefrom are DENIED. This court expressly determines that there is no just cause for delay and expressly orders that this judgment be entered as a final judgment. If the [mother] intends to appeal this decision it should be done before the other issues (which would become largely moot if ... this judgment is reversed) are tried."
The trial court's direction of final judgment is in compliance with Rule 54(b), Ala.R.Civ.P., and Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996), and we thus proceed to consider the merits of the mother's appeal.
We note that on February 13, 1998, R.H. (who is not a party to this appeal) filed a motion to intervene in this cause, and the mother contends that that motion was erroneously denied by the trial court. However, the record does not reveal that the trial court has taken any action on his motion, nor does it appear that the mother sought to join R.H. as a party. "A party cannot claim error where no adverse ruling is made against him." Holloway v. Robertson, 500 So.2d 1056, 1059 (Ala.1986). Even had the trial court denied R.H.'s petition to intervene, any such ruling would apply only to the rights of R.H. to voluntarily become a party, and not to the mother's right to implead him. "[W]hen an error applies only to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal." Show-Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co., 466 So.2d 83, 88 (Ala.1985). We thus do not address whether R.H. did or did not have standing to intervene in this action.
The mother claims that § 26-17A-1(a), Ala.Code 1975, affords her a right to reopen the trial court's 1996 divorce judgment declaring D.M. to be a child born of the mother's marriage to the former husband.[1] That section provides, in pertinent part, as follows:
"(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence *1273 presented by the defendant that he is not the father."
The Alabama Supreme Court, in Ex parte Jenkins, 723 So.2d 649 (Ala.1998), has concluded that under this section, "a previously adjudicated father can petition for a reopening of the final judgment of paternity," 652 So.2d at 723, and stated that this section "applies to allow a court to reopen any judgment of paternity, whether entered pursuant to a paternity action, a divorce action, or some other action."[2] 723 So.2d at 653 n. 2.
"Under the established rules of statutory construction, words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." State Dep't of Transp. v. McLelland, 639 So.2d 1370, 1371 (Ala. 1994). On its face, § 26-17A-1 plainly affords a limited right of reopening a paternity case only to a "defendant" who "has been declared the legal father" of a child. We acknowledge that various individual appellate judges have espoused the view that parties other than a defendant in a paternity proceeding may seek relief under § 26-17A-1. See, e.g., Ex parte State ex rel. A.T., 695 So.2d 624, 627 n. 3 (Ala.1997) (Kennedy, J., dissenting) (any party); State ex rel. G.M.F. v. W.F.F., [Ms. 2950647, Dec. 6, 1996] ___ So.2d ___, ___ (Ala.Civ.App.1996) (Crawley, J., concurring in the result) (either plaintiffs or defendants), reversed on other grounds, [Ms. 1961532, August 14, 1998] ___ So.2d ___ (Ala.1998). However, no majority opinion of the Alabama Supreme Court or of this court has ever concluded that the words "defendant" and "legal father" may apply to a plaintiff in a paternity proceeding or to a mother of a child made the subject of such a proceeding. Absent any precedent for such a deviation from the settled rules of statutory construction, we must reject the mother's contention that she may seek to reopen the 1996 divorce judgment at issue pursuant to § 26-17A-1.
Finally, the mother contends that the trial court's judgment deprives her of equal protection of the laws under the United States and Alabama Constitutions. However, there is no indication that the mother raised this argument in the trial court. The mother's counterclaim does not mention § 26-17A-1, and she filed no post-judgment motion that could have directed the trial court's attention to whether application of § 26-17A-1 only to defendants that have been declared to be the legal fathers of children is violative of constitutional equal protection guarantees. "This court cannot consider arguments raised for the first time on appeal; rather our review is restricted to the evidence and arguments considered by the trial court." Floyd v. Floyd, 701 So.2d 1151, 1154 (Ala.Civ.App.1997) (quoting Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992)); Williams v. John C. Calhoun Community College, 646 So.2d 1, 3 (Ala.1994) (arguments not raised in trial court not properly before Supreme Court). See also Rule 4(a)(3), Ala.R.App.P. (any error asserted in the trial court may be asserted on appeal). We thus may not consider whether § 26-17A-1, as interpreted by the trial court, violates the mother's constitutional rights to equal protection of the laws.
Based upon the facts and authorities we have set forth, the trial court's judgment is due to be, and is, affirmed.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
NOTES
[1] The mother has raised no issues concerning her right to relief under Rule 60(b), Ala.R.Civ.P.
[2] We acknowledge that a father can be a plaintiff in a "paternity action, a divorce action, or some other action" as easily as he can be a defendant.