STUART, Justice
(dissenting).
I respectfully dissent. I believe the majority opinion of the Court of Civil Appeals is correct. The Putative Father Registry Act, § 26-10C-1 et seq., Ala.Code 1975, is clear and unambiguous. It does not conflict with the Alabama Adoption Code, § 26-7-1 et seq. These statutory provisions can easily be read in harmony. Unless two statutes are in irreconcilable conflict, it is the court’s duty to regard each as effective and to construe them in such a way as to harmonize any seeming conflict and give each statute a reasonablé field of operation. See, e.g., Benson v. City of Birmingham, 659 So.2d 82 (Ala.1995).
“Courts are not at liberty to pick and choose among legislative enactments, and when two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed legislative intention to the contrary, to regard each as effective.”
Hayden v. Blue Cross & Blue Shield of Alabama, 843 F.Supp. 1427, 1437 (M.D.Ala.1994). This Court has the duty to construe provisions that appear within a statutory scheme in harmony with each other. J.N.H. v. N.T.H., 705 So.2d 448 (Ala.Civ.App.1997). An adoption statute “should be interpreted to give consistent, harmonious and sensible effect to all its parts.” N. Singer, 3A Sutherland Statutes and Statutory Construction, § 68.04 at 104 (5th ed.1992)(footnote omitted).
The Putative Father Registry Act and the notice of provisions of the Alabama Adoption Code, § 26-10A-17, can easily be read together harmoniously. Section 26-10A-17(a) lists those persons or agencies upon whom notice of a petition for adoption must be served:
“(1) Any person, agency, or institution whose consent or relinquishment is required by Section 26-10A-7, unless service has been previously waived[.]
“(2) The legally appointed custodian or guardian of the adoptee.
“(3) The spouse of any petitioner who has not joined in the petition.
“(4) The spouse of the adoptee.
“(5) The surviving parent or parents of a deceased parent of the adoptee.
“(6) Any person known to the petitioners as having physical custody, excluding licensed foster care or other private licensed agencies or having visitation rights with the adoptee under an existing court order.
“(7) The agency or individual authorized to investigate the adoption under Section 26-10A-19.
“(8) Any other person designated by the court.
“(9) Department of Human Resources.
“(10) The father and putative father of the adoptee if made known by the mother or otherwise known by the court [The original 1990 Act stopped here. The 1999 amendment added:] unless the court finds that the father has given implied consent to the adoption, as defined in Section 26-10A-9.”
Section 26-10C-l(f) of the Putative Father Registry Act provides an additional method by which a father of a child born out of wedlock may secure his right to notice of a pending adoption proceeding.
“(0 The Department of Human Resources shall, upon request, provide the names and addresses of persons listed with the registry to any court. The information shall not be divulged to any other person except upon order of a court for good cause shown. The Department of Human Resources shall further after receiving notice pursuant to Section 26-10A-17 of the pendency of any adoption proceeding wherein the proposed adoptee is a child born within *855 300 days of the date or dates of sexual intercourse listed in the registry and to the same biological mother listed in the registry, immediately send a copy of the notice of intent to claim paternity to the court handling the adoption. When the court handling the adoption receives said notice of the intent to claim paternity, that court shall forthwith give notice of the pendency of the adoption proceeding to the putative father listed in such notice of intent to claim paternity and at the address therein listed, and additionally notify the biological mother that the putative father has registered in conformity with the putative father registry.”
The Alabama Adoption Code was adopted in 1990. The Alabama Putative Father Registry Act was adopted in 1996 and became effective on January 1, 1997. The Putative Father Registry Act specifically references § 26-10A-17 of the Adoption Code. See § 26-10C-l(f). The two acts are codified as Chapter 10A and Chapter 10C of Title 26 of the Alabama Code. The Alabama Putative Father Registry Act, adopted as Act No. 96-537, contains no repealer section. It was clearly intended to supplement, not repeal, the provisions of the Adoption Code. Section 26-10A-7 identifies those persons whose consents or relinquishment are required:
“(1) The adoptee, if 14 years of age or older, except where the court finds that the adoptee does not have the mental capacity to give consent;
“(2) The adoptee’s mother;
“(3) The adoptee’s presumed father, regardless of paternity, if:
“a. He and the adoptee’s mother are or have been married to each other and the adoptee was born during the marriage, or within 300 days after the marriage was terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation was entered by a court; or
“b. Before the adoptee’s birth, he and the adoptee’s mother have attempted to marry each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid, and,
“1. If the attempted marriage could be declared invalid only by a court, the adoptee was born during the attempted marriage, or within 300 days after its termination by death, annulment, declaration or invalidity, or divorce; or
“2. If the attempted marriage is invalid without a court order, the adoptee was born within 300 days after the termination of cohabitation; or “c. After the adoptee’s birth, he and the adoptee’s mother have married, or attempted to marry each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid, and
“1. With his knowledge or consent, he was named as the adoptee’s father on the adoptee’s birth certificate; or
“2. He is obligated to support the adoptee pursuant to a written voluntary promise or agreement or by court order; or
“d. He received the adoptee into his home and openly held out the adoptee as his own child;
“(4) The agency to which the adoptee has been relinquished or which holds permanent custody and which has placed the adoptee for adoption, except that the court may grant the adoption without the consent of the agency if the adoption is in the best interests of the adoptee and there is a finding that the agency *856 has unreasonably withheld its consent; and
“(5) The putative father if made known by the mother or is otherwise made known to the court provided he responds within 30 days to the notice he receives under Section 26-10A-17(a)(10)
The consents or relinquishments required may be implied (see § 26-10A-9) or express (see § 26-10A-11). Section 26-10C-l(i) sets forth one circumstance under which consent will be implied, and it makes that implied consent irrevocable. Section 26-10C-l(i) provides:
“(i) Any person who claims to be the natural father of a child and fails to file his notice of intent to claim paternity pursuant to subsection (a) prior to or within 30 days of the birth of a child born out of wedlock, shall be deemed to have given an irrevocable implied consent in any adoption proceeding.”
This section sets forth a period within which the father of a child born out of wedlock must act. This is clearly within the authority of the Legislature, just as it is within its authority to establish statutes of limitation to bar a cause of action.
Judge Crawley’s dissent, quoted and adopted by the majority as its opinion, states:
“I see no need to outline all of the means by which a putative father can, consistent with the dictates of the Alabama Adoption Code, bring his claim to the attention of a judicial tribunal, but I would hold that the means employed by the putative father in this case — filing a declaration of legitimation and a paternity complaint — were sufficient. Those means were not only equivalent to filing with the putative-father registry, but were, in fact, superior. The Putative Father Registry Act requires a notice of intent to claim paternity. S.C.W.’s legitimation and paternity actions constituted actual claims of paternity. To hold that, by failing to file with the registry, S.C.W. had given his irrevocable implied consent to the adoption, notwithstanding his filing two lawsuits demonstrating his strenuous .objection to the adoption, would be an extreme case of elevating form over substance.”
It is not the prerogative of the courts to make law or to declare one means of asserting parental rights superior to another, especially where the Legislature has spoken, and spoken to the contrary. The Legislature has recognized a paternity action completed to adjudication (see § 26-10C-l(a)(l), (a)(3) and (b)) or the filing of an instrument acknowledging paternity pursuant § 26-11-1 to 26-11-3, inclusive (statutes providing for the Legitimation of Children) (see § 26-10C-l(a)(4)), as initial steps toward claiming parental rights, but it is the filing with the registry of the adjudication of -paternity or the legitimation declaration that makes a paternity action complete or the filing of an instrument acknowledging paternity effectual. Filing a paternity action in a juvenile court or filing a declaration of legitimation in a probate court is clearly not, alone, in the eyes of the Legislature, the equivalent of, or superior to, filing a notice of intent to claim paternity with the Putative Father Registry.
The majority has directed the Court of Civil Appeals to reverse its judgment in this case and to remand the case to the trial court for a contested hearing. The trial court will be required to determine if S.C.W. has given, in this case, implied consent to the adoption by his actions or his failure to act as required by § 26-10A-24. It was clearly the intent of the Legislature in enacting the Putative Father Registry Act to obviate the need for such a hearing and to make the failure to file a claim of paternity by a method prescribed
*857 in the act an irrevocable implied consent to the adoption of a minor child.
Because the provisions of the Alabama Adoption Code and the Putative Father Registry Act can be read together harmoniously and in a manner so as to give each statute its own field of operation, the decision of the Court of Civil Appeals affirming the trial court’s summary judgment and final order of adoption should be affirmed. Therefore, I dissent.