Janesha Jones ("the wife"), the plaintiff in a pending divorce action against Terranocia L. Myrick ("the husband"), seeks a writ of mandamus directing the Family Relations Division of the Montgomery Circuit Court (hereinafter sometimes referred to as "the trial court") to rescind an order declining to exercise jurisdiction over the determination of paternity of a child born before the parties' marriage. For the reasons stated herein, we grant the petition and issue the writ.
The only facts before this court are those presented by the wife in her petition and those contained in the trial court's response to the wife's petition. The facts presented are as follows. On March 15, 2004, the wife filed a complaint in the trial court seeking a divorce from the husband. In her complaint for divorce, the wife alleged that one child was born of the parties' marriage. A child-support affidavit *Page 554 
filed simultaneously with the complaint for divorce indicated that the child was born on September 25, 1999, seven months before the husband and wife were married. At the time of the child's birth, the child was given the husband's last name; the husband's last name was subsequently placed on the child's birth certificate. Pursuant to the Alabama Uniform Parentage Act §26-17-1 et seq., Ala. Code 1975 ("the AUPA"), the husband is the presumed father of the child. See § 26-17-5(a)(3)b., Ala. Code 1975 (a presumption of paternity exists where, after the child's birth, the man and the child's mother marry and the man's name is placed on the child's birth certificate with the man's consent);see also § 26-17-5(a)(4), Ala. Code 1975 ("A man is presumed to be the natural father of a child if . . . [w]hile the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child."). The paternity of the child does not appear to be at issue.
On March 16, 2004, one day after the wife filed her complaint for divorce, the trial court entered an order in which it stated that it "would not have jurisdiction over issues of paternity of a child born prior to the marriage of the parties and . . . recommended that [the wife] consider filing a corresponding action in the Child Support Division [of the trial court] with regard to issues of paternity and support of the minor child." On April 15, 2004, the wife filed a petition for a writ of mandamus seeking an order requiring the trial court to exercise jurisdiction over paternity and support issues relating to the child simultaneously with the divorce proceedings.
At the outset, we note that mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when "(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked." Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198
(Ala. 1997)).
We initially address whether the wife has demonstrated a "clear legal right" to the writ of mandamus and an "imperative duty" that the trial court must perform. See Ex parte Flint Constr.Co., supra. To determine if the trial court has an imperative duty to perform, we first look to Act No. 1584, Ala. Acts 1971 ("the Act"), which created a unified Family Relations Division of the Montgomery Circuit Court. Section 2 of the Act, in pertinent part, provides:
 "[I]n any county in this state having a population of not less than 150,000 nor more than 180,000, according to the last or any subsequent federal decennial census, a family relations division of the circuit court in such county is hereby established. The family relations divisions of said court shall, as its primary function, handle all cases in such county involving divorces, annulments of marriages, custody and support of children, granting and enforcement of alimony, proceedings under the Reciprocal Non-Support Act, and all other domestic and marital matters over which the circuit court has jurisdiction."
Citing the Act, the trial judge recognizes the creation of a unified Family Relations Division in Montgomery County. However, the trial judge goes on to state that the custom or practice in Montgomery County is to divide the Family Relations Division into three other divisions known as the "Domestic Relations Division," the "Child Support Division," and the "Juvenile Division." According to the trial judge, the *Page 555 
divisions have independent jurisdictions and operate independently of each other under a unified Family Relations Division.
We note that the Act does not create different divisions, i.e., a child-support division, a domestic-relations division, and a juvenile division, within a unified family-relations division. Counties that have created separate divisions appear to have done so for administrative purposes. Pursuant to the Act, the primary functions of a family-relations division encompass issues of divorce, child custody, and child support. The issue of paternity is not included or excluded in the Act as an issue to be addressed by a family-relations division.
The trial judge asserts that matters regarding children born "out of wedlock" are exclusively governed by the AUPA. The AUPA governs disputes over the paternity of a child. Exclusive original jurisdiction in proceedings to establish the paternity of a child born out of wedlock rests with the juvenile court. § 12-15-31(2), Ala. Code 1975. However, § 26-17-9(a) of the AUPA provides that an action for paternity may be joined with an action for divorce. In keeping with § 26-17-9(a), our supreme court has concluded that paternity does not have to be established exclusively by way of an independent action under the AUPA. Ex parte L.F.B., 599 So.2d 1179 n. 1 (Ala. 1992). Indeed, our review of the AUPA reveals that there are no provisions within the AUPA that limit its application only to independent actions to establish paternity.
This court has previously recognized a trial court's jurisdiction over issues of paternity within a divorce action. InJ.H.B. v. S.E.B., 668 So.2d 15 (Ala.Civ.App. 1994), the wife presented the issue of paternity in her divorce complaint. In its divorce judgment, the trial court divorced the parties and rendered a paternity determination. The husband appealed to the trial court as if the judgment had been rendered by a juvenile court. The trial court dismissed the husband's appeal. We affirmed the trial court's dismissal of the husband's appeal from the divorce judgment. In so holding, this court recognized that the case brought by the wife was a divorce action, not a paternity action under the AUPA, and reiterated that a matter of paternity did not have to be determined exclusively in an independent action brought under the AUPA, but could be addressed by a trial court with general jurisdiction and equity power.J.H.B. v. S.E.B., 668 So.2d at 16-17.
In Floyd v. Floyd, 701 So.2d 1151 (Ala.Civ.App. 1997), the wife filed a complaint for a divorce in which she alleged that one child was born of the marriage. The husband answered and denied that he was the biological father of the child. The husband counterclaimed for divorce and sought a determination of paternity of the child. The trial court ordered the parties to undergo blood tests, the results of which revealed that the husband was not the biological father of the child. The husband then moved the trial court to dismiss all claims relating to the issues of paternity, custody, and child support. The trial court did not rule on the husband's motion. At trial, the trial court did not allow the introduction of evidence concerning the child's paternity, and in its judgment it stated: "`[T]he issue of paternity of the [child], as well as the issues of custody, child support, and visitation, are hereby reserved for future determination by a court of competent jurisdiction, pursuant to the [AUPA].'" Floyd v. Floyd, 701 So.2d at 1153. The wife appealed.
On appeal, the wife in Floyd argued that the trial court had erred by refusing to go forward on the determination of the paternity issue. The husband argued that the trial court was without jurisdiction to adjudicate *Page 556 
paternity issues under the AUPA. This court reversed the judgment of the trial court purporting to reserve the issues of paternity, custody, child support, and visitation. In so holding, we stated
 "We reject the husband's contention that the trial court was without power to adjudicate the child's paternity as between the husband and the wife as an incident to its consideration of the parties' divorce. As we stated in M.M. v. C.M., 600 So.2d 316 (Ala.Civ.App. 1992), `[t]he issue of paternity may . . . be properly raised in a divorce action, because a divorce [judgment] which designates a child to be "of the parties" is itself a paternity determination,' and `[i]n a custody or divorce action, the issue of parentage is central to the disposition of the case.' 600 So.2d at 317; see also Black v. Black, 625 So.2d 450, 452-53 (Ala.Civ.App. 1993) (affirming determination of paternity and custody award in divorce litigation and applying presumption of paternity arising from acknowledgment by husband of paternity). This jurisdiction to adjudicate paternity arises from the general equitable jurisdiction of the domestic relations court. J.H.B. v. S.E.B., 668 So.2d 15, 17 (Ala.Civ.App. 1994), cert. quashed, 668 So.2d 17
(Ala. 1995). Moreover, `a matter of paternity does not have to be determined exclusively under the AUPA.' Id.
". . . .
 "While the trial court did not provide any specific statutory authority for its refusal to resolve the paternity issue, its reference to the AUPA indicates that it believed that its juvenile or family court division should decide the paternity of the child, as the AUPA confers jurisdiction to determine paternity upon the `juvenile or family court division of the district or circuit court.' Ala. Code 1975, § 26-17-10(a). However, the AUPA does not contain any provisions abrogating the trial court's equitable jurisdiction to determine paternity as an incident to divorce proceedings, nor does it confer upon the trial court any authority to deflect jurisdiction of paternity issues to its juvenile or family court division when they are raised in a divorce action."
Floyd v. Floyd, 701 So.2d at 1153-54 (footnote omitted; emphasis added).
We consider the forgoing cases instructive. The rationale behind the decisions allowing a trial court to go forward with a determination of paternity in a divorce action is sound. As this court stated in Floyd,
 "because the trial court possessed equitable jurisdiction to decide the issue of paternity, it had a prima facie duty to do so; it is the general rule that a court of equity, vested with jurisdiction in a particular case, will proceed to resolve all issues placed before it and to `resolve the equities between the parties.' Creel v. Creel, 342 So.2d 793, 794
(Ala.Civ.App. 1977); cf. Ex parte Handley, 460 So.2d 167, 169 (Ala. 1984) (`Equity delights to do justice, and not by halves.')."
701 So.2d at 1153.
In this case, the wife filed a divorce action in the trial court in which she alleged that one child was born of the parties' marriage. The paternity of the child does not appear to be in dispute. Even if it were, a determination of paternity is incident to the divorce proceedings. See Floyd v. Floyd, supra.
It is clear that the trial court has jurisdiction in a divorce action to address the issue of paternity. J.H.B. v. S.E.B., supra; Floyd v. Floyd, supra; and M.M. v. C.M., 600 So.2d 316
(Ala.Civ.App. 1992). Given the trial court's equitable jurisdiction and its duty to resolve all issues placed before it, the fact that the child was born before the parties were married does not necessitate a separate *Page 557 
proceeding to determine paternity of the child.
Accordingly, the wife's petition for a writ of mandamus is due to be granted. The trial court is hereby directed to rescind its March 16, 2004, order.
PETITION GRANTED; WRIT ISSUED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.