These appeals arise out of the trial court's denial of the City of Dora's motion to intervene in a protracted class action settlement proceeding. Finding no abuse of discretion, we affirm.
 I.
In 1991, Ralph Beavers and a number of other Walker County residents filed an action seeking a declaration of their rights and an injunction against Browning-Ferris Industries of Alabama, Inc. ("BFI"), to prohibit construction of a sanitary solid waste landfill in eastern Walker County, near the City of Dora. The trial court entered a summary judgment in favor of BFI. We reversed and remanded because the agreement between Walker County and BFI granted an exclusive franchise to BFI without satisfying the competitive bid requirements of Ala. Code 1975, § 41-16-51(a), and we ordered the trial court to fashion appropriate and necessary relief. Beavers v. County of Walker,645 So.2d 1365 (Ala. 1994).
On remand, the parties agreed to enter into nonbinding mediation. After several months of mediation, they entered a settlement agreement that included numerous restrictions on such things as the time and usage of the landfill and environmental code compliance. They agreed that BFI would operate the landfill for a term of years, provided it complied with the restrictions. Both parties agreed that a class action would be the appropriate mechanism to effectuate the settlement. Accordingly, the plaintiffs amended their complaint and requested class relief on behalf of "all residents, citizens and property owners of Walker County." The City of Dora was included in this class. The trial court certified the class and scheduled a fairness hearing. *Page 810 
After notice and publication of the settlement, Dora announced its intention to object to the settlement and filed a motion to intervene. Specifically, Dora objected to a provision stating that BFI would not ask Dora to annex the landfill site. At the fairness hearing, the trial court denied Dora's motion to intervene, but did afford it the opportunity to argue and to call, examine, and cross-examine the witnesses. At the close of the fairness hearing, the trial court approved the settlement as a fair and reasonable conclusion to years of litigation and negotiation.
After the hearing, Dora filed a motion for a new trial, asserting that the trial court had abused its discretion when it refused to allow Dora to intervene. The trial court denied that motion, and Dora filed these appeals.[1]
 II.
The decision to grant or to deny a motion to intervene is within the sound discretion of the trial court, and this Court will not disturb that ruling absent an abuse of discretion.Valley Forge Ins. Co. v. Alexander, 640 So.2d 925, 927
(Ala. 1994). In its exercise of discretion, the trial court must determine whether the potential intervenor has demonstrated: (1) that its motion is timely; (2) that it has a sufficient interest relating to the property or transaction; (3) that its ability to protect its interest may, as a practical matter, be impaired or impeded; and (4) that its interest is not adequately represented. Rule 24(a)(2), Ala. R. Civ. P.
With respect to the sufficiency of its interest, Dora argues that §§ 11-42-20 through -24, Ala. Code 1975, which allow all property owners in a given area to petition a municipality for annexation, endow Dora with the "right" of annexation. Dora contends that BFI's agreement not to seek annexation under §11-42-21 deprives Dora of an interest — the interest in remaining a competitive municipality with the ability to attract industry, jobs, tax revenues, etc. — that is sufficient to support intervention. We disagree. Our holding that Dora failed to substantiate a sufficient property interest renders unnecessary any discussion of the remaining factors; however, we do note that Dora's substantial participation in the fairness hearing establishes that it was not prejudiced by the trial court's denial of intervention. See Root v. City ofMobile, 592 So.2d 1051 (Ala. 1992) (stating that one of the purposes of intervention is to prevent the would-be intervenor from suffering prejudice from the outcome of the proceeding that it seeks to enter).
For a property interest to be sufficient to support a motion to intervene, that interest "must be direct and not remote or contingent." Universal Underwriters Ins. Co. v. East CentralAlabama Ford-Mercury, Inc., 574 So.2d 716, 721 (Ala. 1990). To show a direct property interest, a " 'person clearly must have more than an abstract need or desire for it. He must, instead, have a legitimate claim of entitlement to it.' " Moore v.Watson, 429 So.2d 1036, 1038 (Ala. 1983) (quoting Board ofRegents v. Roth, 408 U.S. 564, 576, 92 S.Ct. 2701, 2709,33 L.Ed.2d 548 (1972)).
Ala. Code 1975, § 11-42-21, provides Dora no "right" of annexation.[2] Instead, it allows property owners, including BFI, to voluntarily and unanimously seek annexation by a municipality such as Dora. At best, Dora had a unilateral expectation that, at some unknown time in the future, BFI might seek annexation under this statutory procedure. The statute does not create a mutually binding entitlement to annexation. See Urban Sanitation Corp. v. City of Pell City, 662 F. Supp. 1041,1045 n. 8 (N.D.Ala. 1986) (stating that there must be "a mutually recognized entitlement, as opposed to a unilateral *Page 811 
expectation of a benefit, to establish a property interest" sufficient to support intervention under F.R.Civ.P. 24(a)(2), which parallels Rule 24(a)(2), Ala.R.Civ.P.).[3] This mere expectation of economic potentialities is insufficient to support intervention of right. See, e.g., Dallas County Bd. ofEduc. v. Henry, 507 So.2d 911, 912 (Ala. 1987) (holding that board of education's interest in amount of property tax revenues that would result from taxpayer lawsuit against state challenging property valuations was not sufficient to justify intervention of right); State v. Colonial Refrigerated Transp.,Inc., 48 Ala. App. 46, 261 So.2d 767 (Ala.Civ.App. 1971) (holding city's interest in an ad valorem tax dispute between state and taxpayer was insufficient to justify intervention of right), aff'd, 288 Ala. 433, 261 So.2d 772 (1972). Accordingly, we hold that the trial court did not abuse its discretion in denying intervention in this case.[4]
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
[1] The City of Dora first appealed the trial court's denial of its motion to intervene and then appealed the trial court's denial of its motion for a new trial. The City of Dora bases both of its appeals on its right to intervene, and thus, we dispose of both appeals by addressing the intervention issue.
[2] Section 11-42-21 provides:
"Whenever all of the owners of property located and contained within an area contiguous to the corporate limits of any incorporated municipality . . . shall sign and file a written petition with the city clerk of such municipality requesting that such property or territory be annexed to the said municipality, and the governing body of such municipality adopts an ordinance assenting to the annexation of said property to such municipality, the corporate limits of said municipality shall be extended and rearranged so as to embrace and include such property. . . ."
[3] Moreover, Dora admits that it may still annex the landfill site, regardless of BFI's consent, by local legislative act. Ala. Const. of 1901, art. IV, § 104(18). The fact that the local act alternative may be more cumbersome than the procedure provided by Ala. Code 1975, § 11-42-21, does not create a legal entitlement sufficient to support intervention of right. See generally Groenings v. City of St. Charles, 215 Ill. App.3d 295, 574 N.E.2d 1316, 1324-25, 158 Ill.Dec. 923, 931-32 (holding that private property owners' loss of one annexation option did not deprive them of "property" because even that option was a mere expectation), appeal den., 141 Ill.2d 540,580 N.E.2d 113, 162 Ill.Dec. 487 (1991).
[4] Dora raises, in effect, three other issues on appeal: (1) deprivation of a property right without due process of law; (2) inadequacy of class representation; and (3) the failure of the trial court to exercise its equity powers to strike the challenged provision of the settlement agreement. First, as a general proposition a municipality cannot invoke the Due Process Clause because it is not a "person" for that purpose, but a division of the state. See City of East St. Louis v.Circuit Court for the Twentieth Judicial Circuit,986 F.2d 1142, 1144 (7th Cir. 1993) ("Municipalities cannot challenge state action on federal constitutional grounds because they are not 'persons' within the meaning of the Due Process Clause."). In any event, Dora received ample process — notice, a hearing, a neutral decision-maker, and cross-examination — in light of the nature of the interest at stake. See generally Mathews v.Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18
(1976) (providing that the amount of procedural protection required by due process is determined by balancing, inter alia, the interest at stake with the burdens of providing the additional protection). Second, because Dora did not object to the adequacy of the class representation below, we will not address that issue on appeal. Andrews v. Merritt Oil Co.,612 So.2d 409, 410 (Ala. 1992). However, we note that the fact that the class representative participated throughout the initial litigation and the mediation process militates heavily against a holding that the trial court abused its discretion in the appointment of the class representative. Ex parte Blue Cross Blue Shield of Alabama, 582 So.2d 469, 477 (Ala. 1991). Finally, Dora's equity argument is without merit.