Christina D. Hooten and Roger Jordan Hooten married in December 1988. They had a child in April 1989. They divorced in June 1994. The mother was awarded custody. In July 1997, she filed a Rule 60(b), Ala.R.Civ.P., motion requesting that the trial court set aside the provisions of the divorce judgment stating that Roger Hooten was the biological father of the child. The mother alleged that the blood types of the father and the child exclude him as the child's father.
The father filed a motion for summary judgment, arguing that the mother was not entitled to reopen the paternity determination pursuant to Ala. Code 1975, § 26-17A-1 et seq. The father did not argue in his motion whether a summary judgment should also be entered as to the mother's request for Rule 60(b) relief. The mother argued in her response to the motion for summary judgment that she was entitled to reopen the paternity determination pursuant to § 26-17A-1. The trial court entered a summary judgment for the father, stating that the mother was not entitled to relief pursuant to § 26-17A-1. The trial court did not state whether the summary judgment related to the Rule 60(b) motion.
We conclude that the mother had no standing to reopen the determination in the divorce judgment that the father is the biological father of the child, either pursuant to Rule 60(b) or pursuant to § 26-17A-1. The father did not argue the issue of standing in the trial court; however, an issue of standing is an issue of subject-matter jurisdiction, and it does not have to be raised in the trial court to be considered by an appellate court.State v. Property at 2018 Rainbow Drive, 740 So.2d 1025
(Ala. 1999).
It is undisputed that the child was born during the marriage. Therefore, the father is the presumed father of the child. Ala. Code 1975, § 26-17-5(a)(1). Our supreme court has held that no one, including the mother of the child, has standing to challenge a presumed father's paternity as long as the presumed father persists in claiming paternity of the child. Ex parteC.A.P., 683 So.2d 1010 (Ala. 1996); Ex parte Presse, 554 So.2d 406
(Ala. 1989). Because the father persists in claiming his paternity of the child, the mother has no standing to challenge the paternity adjudication of the divorce judgment.
Therefore, the trial court properly entered the summary judgment for the father.
AFFIRMED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur. *Page 636