**Jacqueline TURNER, on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**BENEFICIAL CORPORATION and Beneficial National Bank, USA, Defendants.**

**No. Civ.A. 95–A–1212–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 7, 1999.

C. Knox McLaney, III, McLaney & Associates, Montgomery, AL, Louis C. Rutland, Rutland & Braswell, Union Springs, AL, Cathleen Combs Cohen, Daniel A. Edelman, James O. Latturner, Beth Ilyse Solomon, W. Anthony Walker, Edelman & Combs, Chicago, IL, Angela L. Kimbrough, Parsons & Sutton, Tuscaloosa, AL, for plaintiffs.

Sterling G. Culpepper, Jr., Balch & Bingham, Montgomery, AL, Alan S. Kaplinsky, Steven A. Arbittier, Walter M. Einhorn, Jr., Burt M. Rublin, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for defendants.

### *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This case is before the court on a Motion to Strike Class Claim for Truth–in–Lending Statutory Damages or, in the Alterative, for Summary Judgment on that Claim (Doc. # 99) filed by Defendants Beneficial Corporation and Beneficial National Bank, USA ("the Defendants") on August 10, 1999, and a Motion for Class Certification (Doc. # 87) filed by the Plaintiff, Jacqueline Turner ("Turner").

On July 27, 1999, this court issued a Memorandum Opinion and Order in which the court denied class certification to Turner's class claims, except for the statutory damages claim asserted under the Truth in Lending Act ("TILA"). The court stated that a determination of the viability of Turner's claims for statutory damages under TILA was necessary before the court could rule on Turner's Motion for Class Certification as to that claim. The court gave the parties additional time in which to brief this issue.

## II. FACTS and PROCEDURAL HISTORY

The facts and procedural history which are pertinent to the issues presented by the motions at issue are as follows:

Turner filed her complaint in this case on September 15, 1995. A separate complaint was filed by another Plaintiff against these Defendants in the Circuit Court of Marengo County, Alabama. The state court complaint, like the complaint in this case, brought a claim that by employing

open end credit disclosures, the Defendants violated TILA.

In the state court case, the parties entered into a settlement agreement. The state circuit court preliminarily approved class certification. The settlement agreement defined "class member" as

each and every individual who (i) is an Alabama resident as of the date of the Preliminary Order; (ii) purchased a Satellite System from a Satellite Company; and (iii) financed such Satellite System under a Credit Card Agreement issued by Beneficial, excepting any individual who (iv) had his or her financed purchase reversed; (v) was a named plaintiff in a lawsuit filed against Beneficial with respect to the Program prior to July 11, 1997; or (vi) provides Beneficial with a full release of all Claims prior to the entry of the Final Judgment.

The Settlement Agreement also recited that $500,000 of the consideration provided was attributable to the TILA claim.

The state trial court granted preliminary approval to the settlement agreement in August of 1997. Class members were given notice that they could file objections to the class settlement. The state court held a fairness hearing and ultimately approved the settlement. The trial court subsequently enforced the settlement by orders entered in July of 1998. These enforcement orders were affirmed by the Alabama Supreme Court in March of 1999.

The court has been provided with copies of motions apparently filed by Turner in the state circuit court. One is styled a Rule 24 Motion to intervene. The other is styled an Opposition to Class Settlement and Notice of Intention to Appear. Turner also filed a petition for writ of mandamus or prohibition which was dismissed by the Alabama Supreme Court on January 30, 1998.

The Plaintiff filed an Application for a Preliminary Injunction in this court on October 16, 1997, seeking to have this court enjoin the state court. This court relied on another case from this district, *Shelly Perry v. Household Retail Services,*

Civil Action No. 95–D–45–N (M.D.Ala. Oct. 25, 1996), denying the preliminary injunction because an injunction was not needed to aid this court in the exercise of its jurisdiction.

The Defendants seek to rely on the judgment approving settlement as a basis for applying a statutory damages limit to Turner's class claims, while Turner has argued that the class should not be bound by the judgment in the state court action.

## III. *DISCUSSION*

The beginning point for the analysis of the Defendants' argument that this court should either strike the class allegations with regard to the TILA statutory damages claim, or grant summary judgment on that claim, is the TILA provision at issue.

The statute provides that

in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor.

15 U.S.C. § 1640(a)(2)(b). The Defendants argue that under this statutory provision, the $500,000 awarded for TILA violations under the state court settlement bars the recovery of any additional statutory damages under TILA by the class Turner seeks to represent in this case.

The Plaintiff has not disputed that this statute sets a limit at $500,000 which would bar the award of statutory damages to the putative class in this case, even though the state court judgment was a settlement of a class of only Alabama residents and the instant case involves a putative nationwide class. *See D'Alauro v. GC Services Limited Partnership,* 168 F.R.D. 451, 455 (E.D.N.Y.1996) (interpreting TILA's limitation based on a "series of

class actions" as barring damages in multiple state class actions).

Although she does dispute the interpretation of the statute, Turner argues that this court should find that the settlement of the state court action is invalid because the state court lacked subject matter jurisdiction, the state court violated the rights of class members to trial by jury, and the actions of the state court deprived class members of their right to federal due process of law. All of these arguments are challenges to the propriety of the state court's certification of the class and approval of the class settlement. In essence, Turner asks this court to find that the state court's judgment is void as a matter of law so that the statutory damages cap should not be applied.

Turner relies on the Eleventh Circuit's decision in *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222 (11th Cir.1998), for the proposition that a collateral attack on the propriety of the class notice which was given in this case can be conducted in this court. In *Twigg*, the Eleventh Circuit explained that although issues of res judicata, or claim preclusion, apply to judgments in class actions, an absent class member may collaterally attack the prior judgment on the ground that to apply claim preclusion would deny him due process. *Id.* at 1224. The court held that even if the elements of claim preclusion are present, deficiencies in class notice preclude the court from allowing a judgment in a prior action to bar the claims in a subsequent action. *Id.*

In response, the Defendants argue that Turner's collateral attack on the propriety of the state court's judgment is improper as a matter of law. The Defendants argue that Turner's only ground for arguing that the class claims are not barred is prohibited by the *Rooker–Feldman* doctrine. The Defendants have also argued that this court is bound to give the state court's judgment full faith and credit.

The court first notes that Turner's argument based on *Twigg* does not answer the Defendants' reliance on the *Rooker–Feld-*

*man* doctrine or the Full Faith and Credit Act because the *Twigg* decision involved a collateral attack on a class certification by another federal district court. In *Twigg*, the plaintiff sought to challenge the preclusive effect of a class action settlement in federal court which purported to bar his claims in another federal class action. *Twigg*, 153 F.3d at 1224. The instant case presents more complicated issues because this court has been asked by a person who was not bound in the initial class action to hold invalid a judgment by a state court.

■ Under the *Rooker–Feldman* doctrine, a United States district court has no authority to review the final judgments of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Defendants have pointed this court to a decision from the Seventh Circuit in which the court held that, under the *Rooker–Feldman* doctrine, it could not review the decision of the Alabama state court approving a class settlement, even though the Alabama judgment seemed questionable on the surface. *See Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 512 (7th Cir.1996).

■ There is a significant distinction to be drawn between *Kamilewicz* and the instant case. In *Kamilewicz*, the plaintiffs in the federal case were also plaintiffs in the state court case. In this case, Turner was not a member of the class in the state court case. This distinction is significant because the Eleventh Circuit has rejected an argument that the *Rooker–Feldman* doctrine deprived a district court of subject matter jurisdiction under similar circumstances stating,

First, the plaintiffs in this case are not, by the admission of all parties, parties to the circuit court action. The *Rooker–Feldman* doctrine does not apply to such circumstances. Second, because the plaintiffs are not parties to the circuit court action, the plaintiffs had no opportunity to raise their constitutional claims in the circuit court and their claims,

therefore, were not considered by the circuit court.

*Roe v. State of Alabama,* 43 F.3d 574 (11th Cir.1995) (citation omitted). Based on this precedent, the court finds that the *Rooker–Feldman* doctrine is inapplicable. *See also Scheer v. City of Miami,* 15 F.Supp.2d 1338, 1340 (S.D.Fla.1998) (interpreting Eleventh Circuit law to bar application of *Rooker–Feldman* where the federal plaintiff was not a party in the state court case).

■ The Defendants have alternatively argued that this court must give full faith and credit to the state court judgment under the authority of *Matsushita Elec. Industrial Co. v. Epstein,* 516 U.S. 367, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996). In *Matsushita,* the Supreme Court applied the Full Faith and Credit Act to the approval of a class action settlement by a state court. *Id.* at 387, 116 S.Ct. 873. The Full Faith and Credit Act requires that a federal court give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered. *Cable Holdings of Battlefield, Inc. v. Cooke,* 764 F.2d 1466, 1473 (11th Cir.1985).

While the Defendants have argued that this court must give preclusive effect to the judgment so as to bar the class claims of the class members in the state court action, that argument is not the real basis for the bar which has been asserted in this case. Instead, the Defendants have argued that because a judgment has already been entered awarding the maximum TILA statutory damages, operation of the TILA statutory damages limit prevents any additional class claim for damages. Even if *Matsushita* would require this court to bar claims in this action by class members in the state court action, that does not mean that the claims of the other class members, who were not members of that class are barred. That result is only reached because of the statute. This court

cannot find, therefore, that *Matsushita* is dispositive in this case.

As was stated earlier, the case relied upon by Turner, *Twigg,* involved a person's challenge to a class action which itself was found to have violated that person's due process rights. *Twigg,* 153 F.3d at 1225. The plaintiff in *Twigg* argued that barring his claims because of the terms of the class action settlement was a violation of due process because he did not receive adequate notice that his claims would be barred by the class action settlement. *Id.* That is not Turner's contention in this case. She is not arguing that her claims are barred by the terms of the settlement agreement. In fact, it is uncontested that her claims were specifically excepted. Instead, she is arguing that because the constitutional rights of others were infringed upon by the state court, and because a statutory limitation will operate because of the judgment, the rights of a class she seeks to represent will ultimately be infringed upon.

■ In advancing her argument, Turner has not demonstrated that she has standing to raise a challenge to the state court's judgment. Under application of class certification rules, Turner does not have standing to challenge the validity of the class action settlement. *See In re Beef Industry Antitrust Litigation,* 607 F.2d 167, 172 (5th Cir.1979), *cert. denied sub. nom. Iowa Beef Processors, Inc. v. Meat Price Investigators Assoc.,* 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981);[1] *Bracy v. Sippial Elec. Co.,* 379 So.2d 582, 584 (Ala.1980) (Stating that cases interpreting the Federal Rules of Civil Procedure are authority in the construction of the Alabama Rules). "The fact that res judicata would bind them provides class members with an incentive to voice their objections. Those who are not class members, because they are outside the definition of the class or have opted out, are on a

---

1. The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. *See*

*Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc* ).

different footing. Class action settlements typically leave intact the legal claims of others. This is one of the reasons why nonsettling parties in multiparty cases lack standing to object to settlement agreements." *Mayfield v. Barr,* 985 F.2d 1090, 1092 (D.C.Cir.1993). This is true even if the argument is cast as a challenge to the procedures used by the state court, rather than as a challenge to the substance of the settlement agreement. *See In re Beef Industry Antitrust Litigation,* 607 F.2d at 172 (rejecting argument that even if nonsettling defendants lacked standing to challenge merits of settlement, could have standing to attack the procedures followed in approving the settlement).

■ As a nonparty to an action, Turner could, and apparently did, file a motion to intervene pursuant to Alabama Rule of Civil Procedure 24. The denial of a motion to intervene is an appealable order. *See e.g., City of Dora v. Beavers,* 692 So.2d 808 (Ala.1997). Accordingly, Turner's avenue for relief lay in filing a motion to intervene in the state court and appealing any denial of such a right by the state court, not in attempting to challenge in federal court the validity of a state court judgment which did not bind her.

■ The court recognizes that Turner is not seeking to object to the settlement agreement in the traditional sense, but is instead attempting to have a federal court overturn a state court decision to which she was not a party. To demonstrate standing to make such a challenge, Turner must show that she suffered actual injury as a result of the state court judgment. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Under principles of Article III standing, the state court judgment at issue did not deny any relief to Turner, so she has not demonstrated that the judgment caused her actual injury. The prudential limitations on Article III standing do not allow a person to assert a claim based on the violation of the rights of others. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Even though Turner seeks to represent a class, as a class representative, she still must have the requisite injury-in-fact. *See Church v. City of Huntsville,* 30 F.3d 1332, 1339 (11th Cir.1994). Because Turner, whose individual claim was not barred by the settlement, has failed to demonstrate that she suffered an actual injury by virtue of the state court's judgment, the court finds that she does not have standing to challenge that judgment.

In finding that it cannot entertain Turner's challenge to the state court judgment, the court is not addressing whether Turner would have standing to assert a challenge to the TILA statutory limitation of damages, or to the constitutionality of this limitation, because Turner has not challenged the Defendants' interpretation of the TILA statutory damages limit or the constitutionality of that limit. Under the Defendants' uncontested interpretation of TILA, TILA itself creates the bar to the assertion of statutory damages in this case. *See* 15 U.S.C. § 1640(A)(2)(B). Accordingly, the court finds that it is bound by the expressed intent of Congress to hold that because the Defendants have already paid the statutory maximum in statutory penalties to a class of plaintiffs pursuant to the state court settlement approved by, enforced, and affirmed upon review by the state courts, Turner may not proceed on her class claims for statutory damages for the same TILA violation in this court. The Plaintiff is, however, as the Defendants concede, free to pursue statutory damages for her individual TILA claim.

## IV. *CONCLUSION*

For the reasons discussed, the court concludes that the Plaintiff has not demonstrated that she has a viable class claim for statutory damages under TILA. Instead, the intent of Congress is to bar the application of statutory damages to a class claim where the maximum statutory damages under TILA were awarded in a separate class action based on the same failure to comply with TILA. The Defendants' Motion to Strike the Class Allegation (Doc.

# 99) is ORDERED GRANTED. The Plaintiff's Motion for Class Certification (Doc. # 87) is ORDERED DENIED at to the class claim for TILA statutory damages.[2]

---

2. The court has received a copy of an Order by the Eleventh Circuit Court of Appeals granting Turner's petition for permission to appeal from a previous Order, pursuant to Rule 23(f). The court understands the scope of that appeal to be the denial of class certification of the class claims brought by Turner other than the TILA statutory damages claim addressed in this Memorandum Opinion and Order. By this Memorandum Opinion and Order, the court has denied class certification on the final claim for relief asserted by Turner on behalf of the class.