PER CURIAM.
 

 D.S., the paternal grandmother of several minor children, appeals from a judgment of the Cullman Juvenile Court denying her motion to intervene in a case involving the custody of those children in order to seek grandparent visitation. We reverse and remand.
 

 
 *1285
 
 D.S.’s son and his wife (“the mother”) had two minor children. D.S.’s son died in 2005. On April 7, 2008, the Cullman County Department of Human Resources (“DHR”) filed a petition in the juvenile court requesting temporary custody of the children. At the time DHR filed its petition, the children were living with the mother and D.S. On the same day, the juvenile court granted DHR’s petition. On June 16, 2008, the juvenile court determined that the children were dependent and granted temporary custody to DHR. DHR placed the children with D.S.
 

 On October 8, 2008, DHR moved the juvenile court to remove the children from their placement with D.S. The juvenile court granted DHR’s motion. On October 20, 2008, D.S. moved the juvenile court to intervene in the pending custody action and petitioned the court for grandparent visitation, pursuant to the Alabama Grandparent Visitation Act, Ala.Code 1975, § 30-3-4.1.
 

 On October 22, 2008, DHR recommended that the juvenile court grant the mother physical custody of the children while temporary legal custody remained with DHR. In March 2009, the mother moved the juvenile court to return custody of the children to her. On April 2, 2009, DHR moved the juvenile court to relieve it of custody of the children. On April 3, 2009, the juvenile court entered an order returning legal and physical custody of the children to the mother and relieving DHR of physical and legal custody of the children.
 

 On April 21, 2009, the juvenile court entered a handwritten note on the case-action summary, stating:
 

 “On motion of the [guardian ad litem] for the minor children] and also the mother this petition for grandparent visitation is denied it appearing that a petition for custody of [the] children] has been filed in this action within one year and [§ ]30-3-4.1 prohibits such a filing.”
 

 The juvenile court then entered its denial of D.S.’s motion to intervene in the State Judicial Information System (“SJIS”); however, it entered that judgment in case numbers JU-06-344.02 and JU-06-345.02, which are cases involving the children that are separate from this action. On May 8, 2009, the juvenile court entered a note in the SJIS in case numbers JU-06-344.03 and JU-06-345.03, the cases at issue in this appeal, stating that “[t]he order previously entered in .02 on 4-21-2009 was entered in error and should have been entered in .03.” Thus, the juvenile court’s judgment denying D.S.’s motion to intervene was not entered until May 8, 2009.
 
 See
 
 Rule 58(c), Ala. R. Civ. P. D.S. timely appealed to this court, contending that the juvenile court erred in denying her petition to intervene.
 
 [1]
 

 DHR argues that the juvenile court lacked subject-matter jurisdiction to consider D.S.’s motion to intervene because, DHR says, the juvenile court lost subject-matter jurisdiction on April 3, 2009, when it entered its order granting the mother custody of the children and relieving DHR from any further supervision of the children. However, in a case in which a summary judgment was entered while a motion to intervene remained pending, this court held that, “ ‘in order to be immediately appealable, an order denying a motion to intervene must be
 
 truly final
 
 with respect to the proposed intervenor — that
 
 *1286
 
 is, the order must
 
 rule definitively
 
 on the party’s participation in the litigation before the [trial] court.’”
 
 Shaw v. State ex rel. Hayes,
 
 958 So.2d 1247, 1252 (Ala.Civ.App.2006) (quoting
 
 United States v. City of Milwaukee,
 
 144 F.3d 524, 528 (7th Cir. 1998)). In this case, the juvenile court’s custody order did not address any of the visitation issues raised by D.S. or rule definitively on her participation in the case. The juvenile court’s April 3 order was not final with respect to D.S.’s motion to intervene; therefore, the entry of that order did not affect the juvenile court’s jurisdiction over D.S.’s petition to intervene.
 

 Turning next to the principal question presented, we note that Rule 24(a), Ala. R. Civ. P., provides, in pertinent part:
 

 “Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.”
 

 Our supreme court has stated:
 

 “The decision to grant or to deny a motion to intervene is within the sound discretion of the trial court, and this Court will not disturb that ruling absent an abuse of discretion. In its exercise of discretion, the trial court must determine whether the potential intervenor has demonstrated: (1) that its motion is timely; (2) that it has a sufficient interest relating to the property or transaction; (3) that its ability to protect its interest may, as a practical matter, be impaired or impeded; and (4) that its interest is not adequately represented.”
 

 City of Dora v. Beavers,
 
 692 So.2d 808, 810 (Ala.1997) (citations omitted).
 

 In
 
 Black Warrior Riverkeeper, Inc. v. East Walker County Sewer Authority,
 
 979 So.2d 69 (Ala.Civ.App.2007), this court considered the question whether the factors enumerated in
 
 City of Dora
 
 applied to a party who had an unconditional statutory right to intervene, pursuant to Rule 24(a)(1). We concluded:
 

 “ ‘ “[Statutory intervenors” need not show inadequacy of representation or that their interests may be impaired if not allowed to intervene,’ and ‘need not even prove a “sufficient” interest relating to the subject matter of the controversy, since [the legislative body] has already declared that interest sufficient by granting the statutory right to intervene.’
 
 Ruiz [v. Estelle],
 
 161 F.3d [814,] 828 [ (5th Cir.1998) ]. In other words, ‘ “[o]nce it is clear that [the statute applies], there is no room for the operation of a court’s discretion.” ’
 
 Id.
 
 (quoting
 
 Brotherhood of R.R. Trainmen [v. Baltimore & Ohio R.R. Co.],
 
 331 U.S. [519,] 531, 67 S.Ct. 1387 [(1947)]). Thus, the only factor set forth in
 
 City of Dora
 
 that can properly be said to be ‘discretionary’ with respect to a trial court’s ruling on a motion to intervene when a statute affords an unconditional right to intervene is whether the motion to intervene has timely been filed.
 
 Accord Ruiz,
 
 161 F.3d at 827 (abuse-of-discretion standard applies to denials of intervention as of right if based on a finding of untimeliness).”
 

 979 So.2d at 73.
 

 The first question we must consider is whether Ala.Code 1975, § 30-3-4.1(c), grants D.S. an unconditional statutory right to intervene. Section 30-3-4.1(c) provides, in pertinent part, that “[a]ny
 
 *1287
 
 grandparent may intervene in and seek to obtain visitation rights in any action when any court in this state has before it any question concerning the custody of a minor child....” “In order to ascertain the meaning of a statute, we look first to the plain meaning of the words written by the Legislature.”
 
 Alabama Educ. Ass’n v. Nelson,
 
 770 So.2d 1057, 1058 (Ala.2000) (citing
 
 Johnson v. Price,
 
 743 So.2d 436, 438 (Ala.1999)). The plain meaning of the words used in § 30-3-4.1(c) indicates that the legislature intended for anyone who meets the statutory definition of a grandparent to have the right to intervene in any case involving custody of their minor grandchildren. The statute does not place any further conditions on a grandparent’s intervention.
 

 In
 
 Black Warrior Riverkeeper,
 
 this court considered whether Ala.Code 1975, § 22-22A-5(18)b., a similarly worded statute, confers an unconditional right to intervene. That statute provides, in pertinent part, “[a]ny person having an interest which is or may be adversely affected may intervene as a matter of right in any civil action commenced under this paragraph.” We concluded that the language of § 22-22A-5(18)b. confers an unconditional right to intervene on any party who has “an interest which is or may adversely affected.” In this case, D.S. meets the definition of a grandparent under Ala.Code 1975, § 30-3-4.1(a); therefore, she has an unconditional right under § 30-3-4.1(c) to intervene in any action concerning the custody of her minor grandchildren.
 

 Having determined that § 30-3-4.1 grants a grandparent an unconditional statutory right to intervene, the only remaining question is whether D.S.’s petition to intervene was timely filed.
 
 Black Warrior Riverkeeper,
 
 979 So.2d at 73. The juvenile court determined that D.S’s petition to intervene was untimely because she had filed it within one year of the commencement of a custody action involving the minor children. The juvenile court, in support of its determination, cited Ala. Code 1975, § 30-3-4.1(e), which states, in pertinent part, that “[a]n
 
 original action
 
 requesting visitation rights shall not be filed by any grandparent more than once during any two-year period and shall not be filed during any year in which another custody action has been filed concerning the child” (emphasis added).
 

 “ “When statutory language is clear and unambiguous, [an appellate court] is compelled to give that language its plain meaning, giving effect to the apparent intent of the legislature.
 
 Ex parte T.B.,
 
 698 So.2d 127, 130 (Ala.1997) (“When the language of a statute is plain and unambiguous, ... courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature.”).’ ”
 

 Jefferson County Comm’n v. Edwards,
 
 32 So.3d 572, 586 (Ala.2009) (quoting
 
 Robinson v. Evans,
 
 959 So.2d 634, 638-39 (Ala.2006)). The plain language of § 30-3-4.1(e) states that it prohibits only the filing of an
 
 original action
 
 for grandparent visitation. The statute does not place any time restrictions on the filing of a petition to intervene. Moreover, § 30-3-4.1(c) plainly states that a grandparent may intervene in “any action when any court in this state has before it any question concerning the custody of a minor child....” Thus, the plain language of §§ 30-3-4.1(c) and (e) do not prohibit D.S. from seeking to intervene in the present case.
 

 The record in this case shows that on April 7, 2008, DHR initiated this action, requesting temporary custody of the children. On October 20, 2008, while this
 
 *1288
 
 custody action was still pending in the juvenile court, D.S. moved the juvenile court to intervene and petitioned for grandparent visitation. Therefore, the grandmother’s motion to intervene was timely filed under § 30-3-4.1(c).
 

 Because § 30-3-4.1(c) grants D.S. an unconditional statutory right to intervene, and because D.S.’s motion to intervene was timely filed, the juvenile court acted outside its discretion when it denied D.S.’s petition. We, therefore, reverse the juvenile court’s denial of D.S.’s petition to intervene and remand the cause for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 THOMAS, J., recuses herself.
 

 [1]
 

 . D.S. filed her notice of appeal on May 6, 2009, one day before the juvenile court entered its order in the SJIS. D.S.'s notice of appeal is deemed to have been held in abey-anee until the entry of that final judgment.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. Therefore, D.S.’s appeal is timely.