On Application for Rehearing
 

 THOMAS, Judge.
 

 The opinion of February 26, 2010, is withdrawn, and the following is substituted therefor.
 

 
 *340
 
 In October 1999, following a two-year relationship, Shawn Michael Kennedy (“Kennedy”) and Anna Kennedy (“the mother”) married. When the couple married, the mother already had a son, R.K. (“the child”), who was born during a previous relationship with Stephen Christopher Baker (“Baker”). In November 1999, Kennedy and the mother filed a declaration of legitimation in the Fayette County Probate Court, pursuant to § 26-11-2, Ala. Code 1975, alleging that Kennedy was the child’s father; the probate court subsequently issued an order of legitimation. Throughout the course of the marriage, Kennedy maintained a father-son relationship with the child. According to the mother’s testimony, Kennedy maintained a consistent presence in the child’s life by participating in numerous father-son activities such as taking him to Boy Scout functions and taking him to school and extracurricular functions. The mother testified that Kennedy also financially supported the child. In March 2003 Kennedy and the mother had a child together A.K.
 

 On June 10, 2008, the mother filed for a divorce (“the divorce action”). In the couple’s settlement agreement, Kennedy and the mother stated that A.K. was the only child born during the marriage; the settlement agreement does not mention the child. The trial court entered a divorce judgment incorporating the terms of the couple’s settlement agreement. Kennedy filed a motion to set aside the final divorce judgment because the judgment failed to mention the child or to set a visitation schedule. In Kennedy’s postjudgment motion, he requested that the court grant him visitation rights with both the child and A.K. On July 11, 2008, the trial court entered an order dissolving the marriage but setting aside all other aspects of the divorce judgment. The trial court set a final hearing to determine the remaining issues on August 14, 2008.
 

 Following the couple’s divorce, the mother and Baker, the child’s purported biological father, entered into a new relationship and eventually married. On November 21, 2008, Baker filed a motion to intervene in the divorce action, arguing that because he was the child’s biological father he had an interest in the child’s custody.
 
 [1]
 
 After a hearing, the trial court denied Baker’s motion to intervene on May 26, 2009, stating that Baker “only recently acknowledged and began holding the child out as his child.” Baker filed a timely notice of appeal to this court.
 
 See Thrasher v. Bartlett,
 
 424 So.2d 605, 607 (Ala.1982) (holding that an order denying a motion to intervene is an appealable judgment).
 

 “The standard of review applicable in cases involving a denial of a motion to intervene as of right is whether the trial court has acted outside its discretion.
 
 See City of Dora v. Beavers,
 
 692 So.2d 808, 810 (Ala.1997). Typically, persons desiring to intervene in a civil action as of right will claim entitlement to intervention under Rule 24(a)(2), Ala. R. Civ. P., which mandates intervention upon timely application if ‘the applicant claims an interest relating to the property or transaction which is the subject of the action’ and is ‘so situated that the disposition of the action may as a practical
 
 *341
 
 matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.’ Thus, the Alabama Supreme Court has held that under Rule 24(a)(2), the trial court has discretion to determine ‘whether the potential intervenor has demonstrated: (1) that its motion is timely; (2) that it has a sufficient interest relating to the property or transaction; (3) that its ability to protect its interest may, as a practical matter be impaired or impeded; and (4) that its interest is not adequately represented.’
 
 City of Dora,
 
 692 So.2d at 810.”
 

 Black Warrior Riverkeeper, Inc. v. East Walker County Sewer Auth.,
 
 979 So.2d 69, 72 (Ala.Civ.App.2007).
 

 Kennedy alleges that he is the child’s presumed father under the former Alabama Uniform Parentage Act, § 26-17-1 et seq., Ala.Code 1975 (“the former act”); section 26-17-5(a), a part of the former act, provided:
 

 “(a) A man is presumed to be the natural father of a child if any of the following apply:
 

 [[Image here]]
 

 “(3) After the child’s birth, he and the child’s natural mother have married, or attempted to marry, each other by a marriage solemnized in apparent compliance with the law although the attempted marriage is or could be declared invalid, and
 

 “a. He has acknowledged his paternity of the child in writing, the writing being filed with the appropriate court or the Office of Vital Statistics; or
 

 “b. With his consent, he is named as the child’s father on the child’s birth certificate; or
 

 [[Image here]]
 

 “(4) While the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child.
 

 “(5) He acknowledges his paternity of the child in a writing filed in accordance with the provisions of the legitimation statute.”
 

 The former act was repealed effective January 1, 2009; the Alabama Uniform Parentage Act (2008), § 26-17-101 et seq., Ala.Code 1975, became effective the same day.
 
 See
 
 Act No. 2008-376, Ala. Acts 2008. The presumptions of paternity listed in subsection (3), (4), and (5) of former § 26-17-5(a) are substantively the same as the presumptions of paternity listed in § 26-17-204(a)(4), (5), and (6), which is part of the Alabama Uniform Parentage Act (2008).
 

 Kennedy argues that he satisfied the presumption of paternity under subsection (3)b. of former § 26-17-5(a) by being married to the mother and by consenting to have his name placed on the child’s birth certificate. Kennedy also argues that he satisfied the presumption of paternity under subsection (4) of former § 26-17-5(a) by providing financial support to the child, by allowing the child to live in his home, and by openly holding the child out as his' natural child. Kennedy further argues that he satisfied the presumption of paternity under subsection (5) of former § 26-17-5(a) because he filed a declaration of legitimation alleging that he was the child’s father.
 

 We agree that Kennedy’s presumption of paternity arises under subsection (3)b. of former § 26-17-5(a).
 
 [2]
 
 Kennedy and the
 
 *342
 
 mother were married following the child’s birth. The record indicates that Kennedy consented, in part through a legitimation proceeding, to having his name added to the child’s birth certificate. Because Kennedy consented to having his name placed on the child’s birth certificate, thus recognizing him as the father of the child, Kennedy satisfies the presumption set forth under subsection (3) of former § 26-17-5(a).
 

 On appeal, Baker argues that he has the right to intervene in the divorce action under the former act in order to attempt to establish his paternity of the child. He relies on former § 26 — IT—6(b), Ala.Code 1975, which provided that “[a]ny interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) ... of Section 26-17-5(a).” However, because Kennedy is a presumed father under former § 26-17-5(a)(3)b., Baker would not have the right to intervene in the divorce action under the former act, provided Kennedy persists in his status as a presumed father.
 
 See
 
 former § 26-17-6(a) and
 
 Ex parte Presse,
 
 554 So.2d 406, 418 (Ala.1989) (“[S]o long as the presumed father persists in maintaining his paternal status, not even the subsequent marriage of the child’s mother to another man can create standing in the other man to challenge the presumed father’s parental relationship.”);
 
 see also Hooten v. Hooten,
 
 754 So.2d 634, 635 (Ala.Civ.App.1999) (“Our supreme court has held that no one, including the mother of the child, has standing to challenge a presumed father’s paternity as long as the presumed father persists in claiming paternity of the child.”).
 

 We recognize that the fathers in
 
 Ex parte Presse
 
 and
 
 Hooten
 
 were presumed fathers under former § 26-17-5(a)(1) and not former § 26-17-5(a)(3)b. The conclusion in
 
 Ex parte Presse
 
 that no one could challenge the presumption of paternity arising under former § 26-17-5(a)(1), provided the presumed father persisted in that presumption, arose, in part, from former § 26-17-6(a), which limited those persons who may establish the existence of the father-child relationship presumed under former § 26-17-5(a)(1), (2),
 
 or (3)
 
 to only the mother, the presumed father himself, and the child. Thus, because former § 26-17-6(a), which has been construed to limit the right to challenge a presumed father’s paternity, applies to the presumption in former § 26-17-5(a)(3), we see no reason not to extend the holdings of
 
 Ex parte Presse
 
 and its progeny to the presumption of paternity arising under § 26-17-5(a)(3).
 

 Even under the Alabama Uniform Parentage Act (2008), Baker cannot intervene in the divorce action to challenge Kennedy’s presumption of paternity so long as Kennedy persists in his presumption. § 26-17-607(a), Ala.Code 1975. The Alabama Uniform Parentage Act (2008) provides that, “[i]f the presumed father persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.”
 
 Id.
 
 Therefore, because Kennedy satisfies the presumption of paternity under subsection (4) of § 26-17-204(a), so long as Kennedy persists in his presumption of paternity, Baker has no standing to intervene in the divorce action to challenge Kennedy’s presumption of paternity.
 

 Under either act, Baker, is precluded from bringing an action to challenge Ken
 
 *343
 
 nedy’s status as the child’s presumed father, so long as Kennedy persists in his status as the child’s presumed father. Thus, we must determine whether Kennedy has persisted in his status as the child’s presumed father.
 

 “In a long line of cases beginning with
 
 Ex parte Presse,
 
 554 So.2d 406 (Ala.1989), Alabama appellate courts have held that no one has standing to challenge a presumed father’s parentage ‘so
 
 long as
 
 the presumed father persists in maintaining his paternal status.’ 554 So.2d at 418 (emphasis added).
 
 See B.N.P. v. D.M.P.,
 
 896 So.2d 505, 509 (Ala.Civ.App.2004) (stating that a child ‘does not have standing under the [former act] to challenge the presumed father’s paternity so long as [the presumed father] persists in claiming paternity’).
 
 See also J.O.J. v. R.R.,
 
 895 So.2d 336 (Ala.Civ.App.2004);
 
 M.H.E. v. B.E.,
 
 864 So.2d 351 (Ala.Civ.App.2002);
 
 Hooten v. Hooten,
 
 754 So.2d 634, 635 (Ala.Civ.App.1999); and
 
 Ex parte C.A.P.,
 
 683 So.2d 1010, 1011 (Ala.1996).”
 

 Swafford v. Norton,
 
 992 So.2d 20, 28 (Ala.Civ.App.2008).
 

 On appeal, Baker argues that Kennedy forfeited his status as the child’s presumed father when he did not acknowledge the child as his own child in the divorce settlement. We disagree. Kennedy testified that, following the parties’ separation, the parties had intended to maintain the same visitation schedule with the child as with A.K. However, Kennedy testified that, following an argument, the mother restricted Kennedy’s visitation with the child. At the hearing on Baker’s motion to intervene, Kennedy testified: “[T]hat’s when I went and contacted [Kennedy’s attorney] to fight for visitation for [the child] to have it official.” The record indicates that on July 9, 2008, Kennedy filed a motion to set aside the divorce judgment, stating in his motion a desire to continue his father-son relationship with the child. In addition, the record reflects that Kennedy has consistently maintained a relationship the child. According to the record, Kennedy not only financially supported the child, but also participated in numerous extracurricular activities with the child throughout the course of the child’s childhood. After hearing the testimony at the hearing on Baker’s motion to intervene, the trial court could have properly concluded that Kennedy persisted in his presumption of paternity.
 
 See J.O.J. v. R.R.,
 
 895 So.2d 336, 340 (Ala.Civ.App.2004) (requiring a trial court to consider evidence regarding whether a presumed father persisted in his presumption of paternity).
 

 Because Kennedy married the mother and consented to having his name placed on the birth certificate recognizing him as the father of the child, Kennedy satisfied the presumption of paternity set forth in subsection (3)b. of former § 26-17-5(a) and subsection (4) of § 26-17-204(a). Baker thus lacks standing to challenge Kennedy’s presumption of paternity. Former § 26-17-6(a), Ala. Code 1975; § 26-17-607(a), Ala.Code 1975. In addition, the evidence supports the conclusion that Kennedy has consistently maintained a relationship with the child, thus persisting in his presumption of paternity. For the foregoing reasons, we affirm the trial court’s judgment denying Baker’s motion to intervene.
 

 APPLICATION GRANTED; OPINION OF FEBRUARY 26, 2010, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Rule 24(a), Ala. R. Civ. P., provides:
 

 "Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.”
 

 [2]
 

 . Because we consider Kennedy to have established his presumption of paternity under former § 26-17-5(a)(3)b., we need not consider whether Kennedy established his pre
 
 *342
 
 sumption of paternity under former § 26-17-5(a)(4) or whether Kennedy properly complied with the legitimation statute so as to establish his paternity under former § 26-17-5(a)(5).