PITTMAN, Judge.
This mandamus proceeding arises from a civil action pending in the Mobile Circuit Court in which grandparental visitation with a minor child has been sought. In September 2009, the paternal grandparents of Matthew Fisher Jameson (“the child”) — James William Jameson and Lynn Bistle Jameson (“the paternal grandparents”) — brought the underlying action against the child’s parents, Michelle C. Jameson (“the mother”) and Matthew S. Jameson (“the father”). The father moved to dismiss the action, asserting that the paternal grandparents’ action contravened the second sentence of Ala.Code 1975, § 30-3^.1(e), which provides that “[a]n original action requesting visitation rights shall not be filed by any grandparent more than once during any two-year period and shall not be filed during any year in which another custody action has been filed concerning the child.” The trial court denied the father’s motion on November 25, 2009.
On January 13, 2010, 49 days after the trial court’s order was entered, the father filed a petition in this court seeking mandamus review of the trial court’s order. Notwithstanding that the father’s petition was filed outside a presumptively reasonable time, see Rule 21(a)(3), Ala. R.App. P.,[1] a majority of this court has elected, in response to the father’s request and in an effort to further the administration of justice (see Committee Comments to Amendments to Rule 21(a) and 21(e)(4), Ala. RApp. P., effective September 1, 2000), to exercise this court’s discretion to reach the merits of the father’s petition so as to address the fundamental legal question presented concerning the application of § 30-3-4.1(e). The paternal grandparents have filed an answer to the petition,[2] and the petition has been submitted for decision on the petition, the answer, and the father’s brief.
The attachments to the father’s petition indicate that the mother and the father were divorced by the trial court in July 2001 and that the father was awarded custody of the child in the divorce judgment. In March 2007, the child’s maternal grandmother, Rebecca M. Hudson (“the maternal grandmother”), filed a petition to intervene in the divorce action[3] and requested that the trial court award, among other things, “[rjegular and ongoing visitation with the ... [c]hild ... including overnight visitation and resumption of after-school care” that the maternal grandmother had allegedly previously provided to the child. The maternal grandmother’s petition to intervene in the divorce action was subsequently granted by the trial court; however, no further pleadings or papers as to the maternal grandmother’s visitation claim have been provided for this court’s review. In November 2007, the paternal grandparents filed a petition to intervene in the divorce action in order to seek an award of visitation on their own behalf. However, the father sought dismissal of *34 the paternal grandparents’ intervention petition on the basis of the second clause of the second sentence of § 30-3-4.1(c) barring the filing of an original action “during any year in which another custody action has been filed concerning the child” (emphasis added); according to the father, the maternal grandmother’s March 2007 intervention petition amounted to a “custody action” within the scope of that clause and the paternal grandparents’ November 2007 intervention petition[4] was therefore, he said, barred as a result. The trial court did not act on the motion to dismiss until February 2009, when it was granted.
Rather than seek appellate review of the denial of their petition to intervene, which would have been proper,[5] the paternal grandparents initiated the underlying original action in September 2009 seeking an award of visitation rights. The father contends that the September 2009 action violates the first clause of the second sentence of § 30-3-4.1(e) barring the same grandparent from filing a second “original action requesting visitation rights ... during any two-year period” because, he says, the November 2007 petition to intervene in the divorce action was an “original action” that had occurred less than two years previously. According to the father’s petition, this court has held that the time limitations imposed by the legislature on successive filings seeking grandparent-visitation rights must be “strictly construed,” and he cites T.R.S.S. v. R.S., 828 So.2d 327 (Ala. Civ.App.2002), as authority compelling mandamus relief.
In the opinion in T.R.S.S., which the author of this opinion also wrote, this court reversed the judgment allowing visitation to the biological grandparents in that case for two reasons. The first, and arguably primary, reason was that the biological grandparents were not, in the contemplation of the grandparent-visitation statute in effect at that time, within the definition of a “grandparent” entitled to seek visitation on the basis of being a “parent of a parent of a minor child” in the legal sense because their own child’s parental rights as to the grandchild at issue had been terminated by a final judgment. Thus, our comment in T.R.S.S. that “[t]he statutory right of grandparent visitation must be strictly construed” was directly followed by our observation that the right to seek visitation “cannot extend to persons who do not fit the definition specified by the Legislature.” 828 So.2d at 330 (emphasis added).
The second reason stated for reversal in T.R.S.S., upon which the father relies here, was that the biological grandparents had filed a petition to intervene in the divorce proceeding that had involved their child (and that had affected the legal status of their biological grandchild) almost two months after the divorce action had itself ended — an attempt to intervene that, we said, was “untimely and should have been denied by the trial court.” 828 So.2d at 330. However, our opinion in T.R.S.S. did not equate the intervention attempt with the term “original action” but, instead, took pains to adhere to the statutory distinction between the two methods of bringing a question of grandparental visitation before a court of competent jurisdiction:
“In reviewing [§ 30-3-4.1], it seems apparent that [the biological grandparents] *35 sought to circumvent the restrictions of § 30-3-4.1(e)[ ] by filing a petition to intervene rather than an original action. Obviously no original action could be entertained by the trial court because ‘[a]n original action ... shall not be filed during any year in which another custody action has been filed.’ § 30-3-4.1(e), Ala.Code 1975.
“On appeal R.S. and M.S. argue that, although their petition to intervene was filed within one calendar year from the filing of the original divorce complaint, they still complied with the statute. Their argument rests on the fact that the divorce complaint was filed in August 1999 and their petition for grandparent-visitation rights was filed in July 2000 — a different calendar year. We find this argument disingenuous at best. It is obvious on the face of the petition that it was not an original action, but instead it was an attempt to intervene in the divorce action. This fact is evidenced by the style and pleading of the petition as well as by the fact that the divorce case is referenced by number for intervention.”
828 So.2d at 330 (emphasis added). Thus, rather than conflating the concepts of an original action and an intervention petition under § 30-3-4.1, this court in T.R.S.S. instead gave effect to the intent of the biological grandparents to intervene in the (already concluded) divorce action but, nonetheless, opined that the intervention petition could not breathe life into the divorce action. We must, therefore, decline the father’s insistence that we treat all three grandparental-visitation matters— the maternal grandmother’s March 2007 petition to intervene, the paternal grandparents’ November 2007 petition to intervene, and the paternal grandparents’ September 2009 complaint — as three “original actions” under § 30-3-4.1(e).
As we noted in D.S. v. Cullman County Department of Human Resources, 42 So.3d 1284, 1287 (Ala.Civ.App.2010), “[t]he plain language of § 30-3-4.1 (e) states that it prohibits only the filing of an original action for grandparent visitation” within the time constraints enumerated in the second sentence of that statute. Although the father’s argument that “the trial court’s refusal to grant [his] motion to dismiss leaves [him] with no recourse other than to defend a third action for grandparent visitation rights” makes a certain appeal to the pragmatics of litigation expense, the Legislature, in its wisdom, has seen fit to draw distinctions between intervention efforts and original actions, on the one hand, and visitation proceedings prosecuted by different parties in interest on the other. In the words of § 30-3-4.1(e) itself, the paternal grandparents are simply not the same as the “grandparent” who pursued the March 2007 visitation claim, nor have the paternal grandparents, whose November 2007 intervention petition was denied, filed more than one “original action requesting visitation rights” within a two-year period so as to violate that statute.
For the foregoing reasons, regardless of the substantive burdens that may ultimately be imposed upon the paternal grandparents, the paternal grandparents have the procedural right under Ala.Code 1975, § 30-3-4.1, to assert their claim for grandparent-visitation rights as to the child. Thus, the trial court properly denied the father’s motion to dismiss, and we must in turn deny the father’s petition for a writ of mandamus challenging the correctness of that decision.
PETITION DENIED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. Although the father filed a motion on December 8, 2009, requesting that the trial court revisit its November 25, 2009, order, and the trial court denied that motion on December 16, 2009, neither event tolled the time for seasonable filing of the father’s mandamus petition. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003).

. The respondent trial judge has exercised his prerogative under Rule 21(b), Ala. R.App. P., not to appear in this mandamus proceeding.

. Section 30-3-4.1(c), Ala.Code 1975, allows for intervention by grandparents “in any action when any court in this state has before it any question concerning the custody of a minor child” or in "a divorce proceeding of the parents or a parent of the minor child.”

. We note that the father’s motion was filed well before this court, in D.S. v. Cullman County Department of Human Resources, 42 So.3d 1284, 1287 (Ala.Civ.App.2010), observed that § 30-3-4.1(e) "does not place any time restrictions on the filing of a petition to intervene.”

. An order denying intervention is final and appealable as to the participation of the mov-ant in the pertinent action. See Mars Hill Baptist Church v. Mars Hill Missionary Baptist Church, 761 So.2d 975, 978 (Ala.1999).